OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and a new trial ordered.
Defendant argues that, in the absence of a knowing waiver, he was denied effective assistance of counsel due to his defense counsel’s concurrent representation of the prosecution’s primary witness on an unrelated civil matter (see, People v Gomberg, 38 NY2d 307; People v Macerola, 47 NY2d 257). Under the unique circumstances presented we conclude that there should be a reversal.
As a threshold, the principles of People v Gomberg (supra) and People v Macerola (supra) apply to the potential conflicts that arise from a defense counsel’s representation of an important prosecution witness, as well as to counsel’s representation of a codefendant (see, e.g., People v Lombardo, 61 NY2d 97, 102 [representing defendant and People’s chief witness]; People v McDonald, 68 NY2d 1 [representing defendant and victim]). Additionally, both the prosecution and defense counsel are under a mandatory affirmative obligation both to recognize the existence of a potential conflict and to alert the court to the facts and circumstances surrounding that potential conflict (see, People v McDonald, supra, at 8), so that the Trial Judge can conduct a record inquiry and be satisfied that the defendant "has an awareness of the potential risks involved in that course and has knowingly chosen it” (People v Gomberg, supra, at 313-314; see, People v Macerola, supra, at 262-263; People v McDonald, supra, at 8-9). This inquiry is vital "because defendants may not always sense when a conflict exists *953 or perceive how it might undermine effective representation” (People v Mattison, 67 NY2d 462, 468). None of these things were done in this case.
Here, both defense counsel and the prosecution were acutely aware that a conflict existed by virtue of defense counsel’s representation of the prosecution’s chief witness (see, e.g., People v Lombardo, supra). Their failure to bring the underlying facts to the court’s attention is inexcusable. Having previously been personally responsible for a reversal because of a similar omission, both the District Attorney and defense counsel were undoubtedly aware of their duty to alert the court to the need for a Gomberg inquiry (see, People v Mattison, 67 NY2d 462, supra). Under these circumstances, a reversal and new trial are required.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.