■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MUGHETTI, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered March 18, 1988, convicting defendant upon his plea of guilty of the crimes of criminal possession of a forged instrument in the second degree (16 counts), attempted grand larceny in the third degree and grand larceny in the third degree.

On April 13, 1987, defendant was arraigned in County Court on indictment No. 87-127 charging him with 16 counts of criminal possession of a forged instrument in the second

degree and one count of attempted grand larceny in the third degree. Defendant's attorney, James Barber, appeared at the arraignment for defendant who pleaded not guilty. On May 27, 1987, following conferences, defendant appeared in court with Barber who stated that he could no longer represent defendant and that defendant would be seeking assigned counsel. Jon Blechman was appointed to represent defendant with respect to this matter and he participated in two conferences in that regard. On July 10, 1987, defendant advised the court that he wished to seek and retain yet another attorney. The court advised defendant that the trial on this indictment was to begin on August 25, 1987. Blechman was relieved and defendant promised he would have new counsel within the next week.

On August 12, 1987, defendant was arraigned in County Court on indictment No. 87-271, a matter completely unrelated to indictment No. 87-127. The new indictment charged him with one count of grand larceny in the third degree and two counts of criminal possession of stolen property in the third degree. Defendant pleaded not guilty. Appearing for defendant as his attorney at this arraignment was Barber again. From the record it appears that a portion of the stolen property that was the subject of this indictment had been left with Barber by defendant prior to the indictment. Accordingly, it appears that Barber had to testify against defendant before the Grand Jury which handed down this indictment. This matter being known by the parties, Barber stated to County Court at the arraignment that he would be unable to represent defendant as to this matter at trial and he was only present at arraignment for purposes of affording defendant representation while he sought new counsel. However, with respect to indictment No. 87-127, which was soon going to trial, Barber indicated he would be representing him in that matter.

Subsequently, on August 24, 1987, defendant again appeared before County Court with Barber present. With respect to indictment No. 87-127, for which jury selection was about to begin, defendant stated that he wished to plead guilty to the entire indictment. Defendant then offered to plead guilty to one count of grand larceny in the third degree under indictment No. 87-271 in full satisfaction of that indictment. Before accepting this plea, County Court thoroughly reviewed the potential conflict of interest that could occur because of Barber's representation of defendant in connection with this indictment. Restitution was considered with respect to the

plea and the matter of sentencing was adjourned several times while defendant allegedly tried to arrange restitution.

This went on for some time until it appeared that restitution was not possible and defendant again appeared before County Court for sentencing. The court noted that since restitution had always been part of his consideration of the case, it offered to let defendant either withdraw his previously accepted pleas of guilty and go to trial on both indictments or accept concurrent sentences of 2 to 6 years in prison. After an adjournment to permit defendant to decide, he eventually maintained his guilty pleas and accepted the proposed sentence of the court. Defendant was then sentenced to concurrent terms of 2 to 6 years on each of the 16 counts of criminal possession of a forged instrument in the second degree under indictment No. 87-127 and the one count of grand larceny in the third degree under indictment No. 87-271. He was also sentenced to a definite term of one year on his plea of guilty to attempted grand larceny in the third degree under indictment No. 87-127. Another pending, unrelated indictment involving defendant was dismissed as part of the bargain. This appeal followed.

Defendant principally contends on appeal that Barber's representation of him, given his Grand Jury testimony pertaining to indictment No. 87-271, constituted conflict of interest that deprived him of the effective assistance of counsel. Upon examining defendant's contentions closely, we are convinced that such a deprivation of defendant's rights did not occur in this instance. Clearly, "[a] defendant is denied the right to effective assistance of counsel guaranteed by the Sixth Amendment when, absent inquiry by the court and the informed consent of [the] defendant, defense counsel represents interests which are actually in conflict with those of [the] defendant" *(People v McDonald,* 68 NY2d 1, 8). It is the burden of defense counsel in the first instance to recognize the existence of a potential conflict so as to warn both the client and the court as to the potential risks and "to obtain the client's informed consent to counsel's continued representation despite those risks" *(supra; see, People v Wandell,* 75 NY2d 951, 952).

While defendant correctly expresses concern about a situation in which an attorney testifies against a client before a Grand Jury, the record clearly establishes that the potential hazards of this situation were properly brought to the attention of both defendant and County Court. Early in the proceedings, Barber attempted to avoid representing defendant

who was clearly reluctant to have anyone else as his attorney. When the time came for defendant to plead guilty to indictment No. 87-271, County Court conducted a searching inquiry of defendant who stated, with full knowledge of the potential conflict, that he wished to have Barber represent him. Although defendant now attempts to argue that he was intimidated on the eve of trial into pleading guilty so that his attorney would not testify against him at trial, the record shows that indictment No. 87-127 was unrelated to any conflict that was about to go to trial when defendant pleaded guilty. Since we are satisfied that defendant, a former engineering student, was fully aware of the potential conflict and chose to affirmatively continue representation by Barber, no basis for reversal is presented.

We have examined defendant's remaining argument related to the alleged harshness and excessiveness of his sentence and have found it to be without merit.

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.