THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. SOLOMON, Appellant. [900 NYS2d 807]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered November 17, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, rape in the second degree (10 counts), criminal sexual act in the second degree, rape in the second degree (10 counts), criminal sexual act in the second degree (seven counts) and use of a child in a sexual performance (four counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). Defendant contends that he was denied effective assistance of counsel because County Court failed to conduct the requisite meaningful inquiry to ensure that defendant was aware of the possible risks posed by defense counsel's simultaneous representation of a key prosecution wit-

ness or to elicit defendant's informed consent to such representation (*see People v McDonald*, 68 NY2d 1, 8 [1986], *rearg dismissed* 69 NY2d 724 [1987]; *People v Sutton*, 220 AD2d 351 [1995], *lv denied* 87 NY2d 925 [1996]; *People v Stewart*, 126 AD2d 943, 945 [1987]). Although defense counsel disclosed the potential conflict to the court and defendant purported to waive any conflict, we conclude that defendant's waiver was invalid. We agree with defendant that the inquiry by the court was insufficient, and a "[w]aiver occurs when a defendant intentionally relinquishes or abandons a known right" (*People v Hansen*, 95 NY2d 227, 230 n 1 [2000]). Nevertheless, we conclude that defendant was not thereby denied effective assistance of counsel because he failed to establish that any "conflict affected the conduct of the defense" (*People v Ortiz*, 76 NY2d 652, 657 [1990]; *see People v Abar*, 99 NY2d 406, 410 [2003]; *Sutton*, 220 AD2d at 351). Indeed, contrary to the further contention of defendant, defense counsel's representation, viewed in its entirety and as of the time of the representation, was meaningful (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We further reject the contention of defendant that the suppression court erred in determining that he voluntarily waived his *Miranda* rights prior to making certain statements to the police and thus that the court erred in refusing to suppress those statements. The record of the suppression hearing establishes that defendant voluntarily accompanied the detectives to the police station, where he was seated in an interview room and provided with coffee. A detective then read defendant his rights from a standard *Miranda* waiver form, and defendant initialed each of those rights on the form. Defendant thereafter indicated that he was willing to make a statement and stated that he had received no promises and was not threatened in any way. Thus, affording deference to the suppression court's determination (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]), we conclude that defendant knowingly waived his *Miranda* rights (*see People v McAvoy*, 70 AD3d 1467 [2010]; *People v Shaw*, 66 AD3d 1417, 1418 [2009], *lv denied* 14 NY3d 773 [2010]). Also contrary to the contention of defendant, it is well settled that " 'the failure to record [his] interrogation electronically does not constitute a denial of due process' " (*People v Lomack*, 63 AD3d 1658 [2009], *lv denied* 13 NY3d 798 [2009]; *see People v Mendez*, 50 AD3d 1526 [2008], *lv denied* 11 NY3d 739 [2008]), and he therefore was not entitled to suppression of his statements in the absence of an electronic recording of the interrogation (*see People v Kunz*, 31 AD3d 1191 [2006], *lv denied* 7 NY3d 868 [2006]).

We further conclude that the court did not err in admitting in

evidence tape-recorded conversations between the victim and defendant. The victim's statements were not offered for their truth and therefore did not constitute hearsay (*see generally People v Wynn*, 55 AD3d 1378, 1379 [2008], *lv denied* 11 NY3d 901 [2008]). Defendant failed to preserve for our review his contention that his "responses" to the victim constituted inadmissible pre-arrest "silence" (*see generally People v Nicholopoulos*, 289 AD2d 1087, 1088 [2001], *lv denied* 97 NY2d 758 [2002]) and, in any event, there is no merit to that contention. Contrary to the contention of defendant, he did not remain silent in response to the victim's accusations, but he instead made inculpatory statements that were properly admitted in evidence "as legally admissible hearsay against [defendant]" (*People v Chico*, 90 NY2d 585, 589 [1997]). "[A]dmissions by a party of any fact material to the issue are always competent evidence against him [or her], wherever, whenever, or to whomsoever made" (*id.* [internal quotation marks omitted]; *see People v Webb*, 60 AD3d 1291, 1292 [2009], *lv denied* 12 NY3d 930 [2009]; *People v O'Connor*, 21 AD3d 1364, 1366 [2005], *lv denied* 6 NY3d 757 [2005]).

Defendant failed to preserve for our review his contentions that the court erred in failing to instruct the jury with respect to the voluntariness of his statements to the police (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]; *People v Sanderson*, 68 AD3d 1716, 1717 [2009]), and in failing to instruct the jury that the consciousness of guilt charge applied to particular evidence. Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during the prosecutor's opening and closing statements (*see* CPL 470.05 [2]; *People v Beggs*, 19 AD3d 1150, 1151 [2005], *lv denied* 5 NY3d 803 [2005]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.