[980 NE2d 505, 956 NYS2d 457]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. SOLOMON, Appellant.

Argued September 4, 2012; decided October 30, 2012

**POINTS OF COUNSEL**

*Harrington & Mahoney*, Buffalo (*Mark J. Mahoney* of counsel), for appellant. I. In the absence of a sufficient inquiry by the court, and waiver by the accused, defense counsel's conflict of interest requires a new trial—regardless of prejudice. (*People v Gomberg*, 38 NY2d 307; *People v Macerola*, 47 NY2d 257; *People v Lombardo*, 61 NY2d 97; *People v Alicea*, 61 NY2d 23; *People v Wandell*, 75 NY2d 951; *People v McDonald*, 68 NY2d 1; *People v Stewart*, 126 AD2d 943; *People v Gordon*, 272 AD2d 133; *Wheat v United States*, 486 US 153; *United States v Locascio*, 6 F3d 924.) II. Without an actual waiver of *Miranda* rights, and the interrogation being recorded, the statements made by the accused should have been suppressed. (*Miranda v Arizona*, 384 US 436; *Carnley v Cochran*, 369 US 506; *People v Huntley*, 15 NY2d 72; *Oregon v Elstad*, 470 US 298; *People v Combest*,

4 NY3d 341; *United States v Plummer*, 118 F Supp 2d 945; *United States v Mansker*, 240 F Supp 2d 902; *People v Oglesby*, 15 AD3d 888; *People v Rosario*, 20 Misc 3d 401; *People v Crews*, 18 Misc 3d 1120.) III. The unqualified admission of the complainant's extrajudicial accusations requires reversal. (*Reed v McCord*, 160 NY 330; *People v De George*, 73 NY2d 614.) IV. Appellant was deprived of effective assistance of counsel. (*People v Baldi*, 54 NY2d 137; *People v Zaborski*, 59 NY2d 863.) V. The court's rulings violated the accused's right to present a defense. (*People v Hudy*, 73 NY2d 40; *People v Shapiro*, 50 NY2d 747; *Chambers v Mississippi*, 410 US 284; *Washington v Texas*, 388 US 14; *People v Mandel*, 61 AD2d 563, 48 NY2d 952; *People v Ruiz*, 71 AD2d 569; *People v Torre*, 42 NY2d 1036; *People v Carter*, 37 NY2d 234.) VI. The cumulative errors deprived appellant of a fair trial. (*People v Crimmins*, 36 NY2d 230; *People v Durrin*, 32 AD3d 665.)

*Michael J. Violante, District Attorney*, Lockport (*Thomas H. Brandt* of counsel), for respondent. I. Defendant received effective assistance of counsel under the "conflict of interest" doctrine. (*People v Ortiz*, 76 NY2d 652; *People v Alicea*, 61 NY2d 23; *People v Ennis*, 11 NY3d 403; *People v Abar*, 99 NY2d 406; *People v Macerola*, 47 NY2d 257; *People v Konstantinides*, 14 NY3d 1; *People v Harris*, 99 NY2d 202; *People v Lombardo*, 61 NY2d 97.) II. Defendant's statement was properly admitted. (*People v Berg*, 92 NY2d 701; *People v Mateo*, 2 NY3d 383, 542 US 946; *People v Davis*, 55 NY2d 731; *People v Sirno*, 76 NY2d 967; *People v Falkenstein*, 288 AD2d 922, 97 NY2d 704; *People v Hawkins*, 11 NY3d 484; *People v Rosas*, 30 AD3d 545, 8 NY3d 493; *People v Beckingham*, 57 AD3d 1098, 13 NY3d 742.) III. Defendant's conversation with the complainant was properly admitted. (*People v Chico*, 90 NY2d 585; *People v Jackson*, 148 AD2d 930, 74 NY2d 665; *People v Hawkins*, 11 NY3d 484.) IV. Defendant received effective assistance of counsel. (*People v Flores*, 84 NY2d 184; *People v Turner*, 5 NY3d 476; *People v Baldi*, 54 NY2d 137; *People v Rivera*, 71 NY2d 705; *People v Garcia*, 75 NY2d 973; *People v Satterfield*, 66 NY2d 796.) V. Defendant's right to present a defense was not violated. (*Michigan v Lucas*, 500 US 145; *Rock v Arkansas*, 483 US 44; *United States v Valenzuela-Bernal*, 458 US 858.) VI. Defendant received a fair trial. (*People v Clyde*, 18 NY3d 145.)

## OPINION OF THE COURT

SMITH, J.

The lawyer who represented defendant at a pretrial hearing and at trial was simultaneously representing, in an unrelated

matter, a police officer who testified for the People that defendant had confessed to one of the charged crimes. We hold that, because there was no valid waiver of the lawyer's conflict of interest, defendant is entitled to a new trial.

## I

Defendant was charged with raping his daughter, and committing other sex offenses against her, over a four-year period beginning when she was 10 years old. The evidence against him included a partial confession, in which defendant told two police detectives, Karen Smith and Larry Kuebler, that he had had sex with his daughter once.

A *Huntley* hearing was held on the voluntariness of defendant's statements to the detectives. Before the hearing began, defense counsel advised the court that she represented Kuebler "in an unrelated civil matter." She said that she had disclosed this to defendant, and that defendant "respects the nature of my representation of Detective Kuebler . . . and . . . has agreed to waive any conflict in that regard." The judge asked defendant: "Is that correct, Mr. Solomon?" and defendant replied "Yes, sir." The record reflects no other discussion with defendant about the conflict, and discloses nothing further about the nature of counsel's representation of Kuebler.

Kuebler testified at the *Huntley* hearing and at trial, and was cross-examined by the lawyer who was representing him. According to Kuebler's testimony (which was consistent with Smith's), Smith was the detective in charge of the case and had been the first to interview defendant, while Kuebler sat in a nearby room, listening through an audio system and taking notes. He testified that defendant first denied to Smith that he had sex with his daughter, but that as the interview went on "his denials kind of weakened . . . [a]nd at one point Detective Smith asked him if he did have sex with his daughter and he stated that he did." After Smith finished her interview, Kuebler conducted his own, in which, Kuebler testified, defendant told Kuebler "that he got drunk one time and had sex with his daughter just one time."

Defendant's motion to suppress his statements was denied, and he was convicted by a jury. He appealed on the ground, among others, that his lawyer's conflict denied him the effective assistance of counsel. The Appellate Division agreed with defendant that the trial court's inquiry into the conflict was

sufficient, and that defendant's waiver was therefore invalid. It nevertheless affirmed, holding that defendant "failed to establish that any 'conflict affected the conduct of the defense' " (*People v Solomon*, 73 AD3d 1440, 1441 [4th Dept 2010], quoting *People v Ortiz*, 76 NY2d 652, 657 [1990]). A Judge of this Court granted leave to appeal (17 NY3d 801 [2011]), and we now reverse.

## II

We agree with the Appellate Division that defendant did not effectively waive any conflict of interest here—indeed, the People do not strongly argue otherwise. Our cases make clear that a defendant in a criminal case may waive an attorney's conflict, but only after an inquiry has shown that the defendant "has an awareness of the potential risks involved in that course and has knowingly chosen it" (*People v Gomberg*, 38 NY2d 307, 313-314 [1975]; *see also People v Macerola*, 47 NY2d 257, 263 [1979]; *People v Wandell*, 75 NY2d 951, 952-953 [1990]). The inquiry here, in which not even the nature of defense counsel's simultaneous representation of Kuebler was placed on the record, was simply inadequate.

Thus, the case turns on whether the conflict had such a "substantial relation to the conduct of the defense" as to require reversal (*People v McDonald*, 68 NY2d 1, 9 [1986] [internal quotation marks and citation omitted]). We conclude that it did.

Discussions of the effect of a lawyer's conflict of interest on a defendant's right to the effective assistance of counsel distinguish between a potential conflict and an actual conflict (*e.g. Cuyler v Sullivan*, 446 US 335, 337, 349-350 [1980]; *People v Macerola*, 47 NY2d 257, 264-265 [1979]). The distinction can be illustrated by cases in which, as in *Cuyler* and *Macerola*, the same lawyer represents more than one defendant. Such a multiple representation carries the potential for conflict, but the potential will not always be realized. In some cases, the interests of codefendants will be in harmony, as for example when their defense consists of an attempt to show that prosecution witnesses are lying or mistaken. Thus, in *Macerola*, we rejected a per se rule that simultaneous representation of codefendants automatically requires reversal in the absence of a valid waiver: "There may always exist those cases in which joint representation of multiple defendants is, without doubt, justified, and the court's neglect in admonishing codefendants

of the potential risks entailed in joint representation would not deprive, without more, a defendant of his right to the effective assistance of counsel" (47 NY2d at 264). Similarly, in *Cuyler*, the Supreme Court, though observing that "a possible conflict inheres in almost every instance of multiple representation" (446 US at 348), held that the mere "possibility of conflict is insufficient to impugn a criminal conviction" (*id.* at 350).

On the other hand, where the interests of codefendants actually conflict, multiple representation will taint a conviction unless the conflict is waived. The "constitutional predicate" for an ineffective assistance claim is, as the Supreme Court said in *Cuyler*, a showing that the defendant's counsel "actively represented conflicting interests" (*id.*). In *Macerola*, where such an actual conflict was established, we held that reversal of the conviction was required. Indeed, we said there that reversal is necessary where even a "significant possibility" of an actual conflict exists (*Macerola*, 47 NY2d at 264; *accord People v Recupero*, 73 NY2d 877, 879 [1988]).

In a case like this one, where a defendant's lawyer simultaneously represents not a codefendant but a prosecution witness, the potential for conflict is more obvious. Even in such cases, however, we have not adopted a per se rule (*see McDonald*, 68 NY2d at 11 n 5). Sometimes there will be no actual conflict between the defendant and a prosecution witness—for example, where the witness testifies only about a trivial or uncontroversial issue, or where the witness, testifying reluctantly for the People, really wants the defendant to be acquitted. More typically, however, a prosecution witness's interest will actually conflict with the defendant's. In such cases, we have held that the same attorney cannot simultaneously represent both, unless the conflict is validly waived (*McDonald*, 68 NY2d at 7-8; *People v Mattison*, 67 NY2d 462, 465 [1986]; *Wandell*, 75 NY2d at 952-953).

There was an actual conflict of interest between defendant and Kuebler here. Kuebler testified that defendant had confessed to raping his daughter. It was very much in defendant's interest either to discredit that testimony or to show that the confession had been obtained by some unlawful or unfair means; Kuebler's interest was the opposite. Our holdings in *McDonald*, *Mattison* and *Wandell* require reversal.

The People argue, and the Appellate Division held, that reversal is not necessary because defendant has not shown that

the conflict "affected the conduct of the defense" (73 AD3d at 1441, quoting *Ortiz*, 76 NY2d at 657). Nothing in the record, the People say, proves that counsel was less effective in cross-examining Kuebler than she would have been had Kuebler not been her client. We assume that this is correct; it seems from the transcript that the cross-examination was competently performed. Defendant now suggests a number of lines of inquiry that counsel might have pursued, but did not. Such after-the-fact suggestions, however, can probably be made about almost every significant cross-examination in almost every case.

But we have never held, and decline now to hold, that the simultaneous representation of clients whose interests actually conflict can be overlooked so long as it seems that the lawyer did a good job. Our cases, and the United States Supreme Court's, make clear that, where such an actual conflict exists and is not waived, the defendant has been deprived of the effective assistance of counsel.

When we have considered simultaneous representations, whether of codefendants, as in *Macerola* and *Recupero*, or of prosecution witnesses, as in *McDonald* and *Wandell*, or of a codefendant who became a prosecution witness, as in *Mattison*, we have not inquired into the quality of counsel's performance, but have stressed the "very awkward position" of a lawyer subject to conflicting demands (*Mattison*, 67 NY2d at 470), and have protected a defendant's "right to receive advice and assistance from an attorney whose paramount responsibility is to that defendant alone" (*Macerola*, 47 NY2d at 264). We have specifically held, and now reaffirm, that "[a] defendant is denied the right to effective assistance of counsel guaranteed by the Sixth Amendment when, absent inquiry by the court and the informed consent of defendant, defense counsel represents interests which are actually in conflict with those of defendant" (*McDonald*, 68 NY2d at 8). It is true that the Supreme Court in *Cuyler* said that a defendant must "establish that an actual conflict of interest adversely effected his lawyer's performance" (446 US at 350). In context, however, it is clear that, in the view of the *Cuyler* Court, an adverse effect necessarily exists where "an actual conflict of interest" is established (*id.* at 349).

The cases in which a conviction has been upheld because the lawyer's performance was not shown to be deficient were ones in which the lawyer was not subject to an *actual* conflict—the simultaneous representation of clients whose interests were opposed. Thus in *People v Abar* (99 NY2d 406 [2003]), the claimed

conflict arose from defense counsel's *prior* representation of the People. Similarly, in *Mickens v Taylor* (535 US 162 [2002]), the lawyer's representations of the victim and the defendant were successive, not concurrent. In each of these cases, it was recognized that the potential for conflict existed, but the defendants failed to show that the potential was realized—i.e. that the conflict operated on the representation. *People v Smart* (96 NY2d 793 [2001]), *People v Ennis* (11 NY3d 403 [2008]) and *People v Konstantinides* (14 NY3d 1 [2009]) did not involve the representation of multiple clients at all, either simultaneously or in succession. In each of those cases there was a circumstance—a personal acquaintance with the victim in *Smart*, a promise made to cocounsel in *Ennis*, an accusation of wrongdoing against the lawyer in *Konstantinides*—that might have led the lawyer to be less than zealous on the client's behalf, but in each case the client failed to show that the attorney's performance was impaired.

The problem in this case—a lawyer who simultaneously owed a duty of loyalty both to the defendant on trial and to the police officer she cross-examined—is of a different order. In such a case, as we have repeatedly held, if the clients' interests actually conflict, and if the defendant has not waived the conflict, the defendant is deprived of the effective assistance of counsel.

Accordingly, the order of the Appellate Division should be reversed and a new trial ordered, to be preceded by a new suppression hearing.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.