■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWYN J. LYNCH, Appellant. [961 NYS2d 605]—

Stein, J. Appeals (1) from a judgment of the County Court of Delaware County (Becker, J.), rendered February 29, 2012, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree, and (2) by permission, from an order of said court, entered April 17, 2012, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In September 2010, defendant and codefendant Edy R. Toussaint were each indicted on charges of rape in the first degree and various other crimes arising from an incident with a fellow student at SUNY Delhi in September 2009. Defendant retained John Pappalardo Jr. to represent him and Toussaint retained Richard Portale for his defense. Toussaint ultimately reached a plea agreement with the People wherein he agreed to testify against defendant in exchange for a favorable plea and sentence. Shortly thereafter, as the trial was about to commence, defendant pleaded guilty to one count of sexual abuse in the first degree, as a lesser included count of rape in the first degree, in full satisfaction of the indictment with a promised sentence of, among other things, three years in prison followed by three years of postrelease supervision.

Prior to sentencing, defendant retained new counsel and moved to withdraw his plea on the ground that he was deprived of the effective assistance of counsel because Portale was "of counsel" to Pappalardo's law firm and defendant was never informed of the possible conflict of interest. Following a hearing, County Court denied defendant's motion and sentenced him to the agreed-upon sentence. After sentencing, defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the same ground, which motion County Court also denied. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

When a single attorney or multiple attorneys associated with the same firm simultaneously represent clients in a criminal matter, "if the clients' interests actually conflict, and if the de-

fendant has not waived the conflict, the defendant is deprived of the effective assistance of counsel" (*People v Solomon*, 20 NY3d 91, 98 [2012]; *see People v Ortiz*, 76 NY2d 652, 656 [1990]; *People v McDonald*, 68 NY2d 1, 8 [1986]).* Initially, we note that, given the small size of Pappalardo's law firm (fewer than 10 attorneys), Portale's of counsel status "extends to the other lawyers in the firm" any conflict that may exist (*Cardinale v Golinello*, 43 NY2d 288, 296 [1977]; *see Solow v Grace & Co.*, 83 NY2d 303, 311 [1994]; *see generally* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.7, 1.10 [a]; *Easton & Echtman, P.C. v Aurnou*, 39 AD3d 251, 252-253 [2007], *lv denied* 9 NY3d 802 [2007]). As a result, there was a simultaneous representation of two clients—including defendant—by one firm, and defendant did not waive any potential conflict.

Reversal is required if the interests of defendant and Toussaint actually conflicted and such conflict had "a substantial relation to the conduct of the defense" (*People v Solomon*, 20 NY3d at 95 [internal quotation marks and citation omitted]). In that regard, an actual conflict is almost assured where, as here, "law partners represent[ ] two codefendants, one of whom plead[s] guilty and agree[s] to testify against the other" (*People v Ortiz*, 76 NY2d at 656; *see People v Mattison*, 67 NY2d 462, 469-470 [1986], *cert denied* 479 US 984 [1986]). Such a scenario "is virtually certain to place lawyers involved in representing both in an untenable position" (*People v Mattison*, 67 NY2d at 469-470; *see People v Solomon*, 20 NY3d at 97). Moreover, "once a conflict is clearly established, the courts will not enter into 'nice calculations' as to the amount of prejudice resulting from the conflict" (*People v Gomberg*, 38 NY2d 307, 312 [1975], quoting *Glasser v United States*, 315 US 60, 76 [1942]; *see People v Harris*, 99 NY2d 202, 210 [2002]; *People v Ortiz*, 76 NY2d at 657; *People v Alicea*, 61 NY2d 23, 30 n [1983]; *People v Macerola*, 47 NY2d 257, 265 [1979]).

Here, as their cases proceeded, Portale negotiated a favorable plea bargain for Toussaint and counseled him to accept the plea bargain and agree to testify against defendant. Thus, during plea negotiations, Portale advocated for a position directly at odds with defendant's interest (*see People v Mattison*, 67 NY2d at 470-471; *People v Macerola*, 47 NY2d at 262) and, upon accepting the plea, Toussaint became "a principal antagonist whose credibility and testimony [would have] to be undermined"

---

* The principles concerning conflicts of interest apply as forcefully to cases resolved by plea as they do to those that proceed to trial (*see People v Recupero*, 73 NY2d 877, 878-879 [1988]; *People v Monroe*, 54 NY2d 35, 38 [1981], *cert denied* 455 US 947 [1982]).

if defendant proceeded to trial (*People v Mattison*, 67 NY2d at 469). In light of the divided loyalties involved and the prospect of Toussaint being the People's principal witness at defendant's pending trial, "counsel's ability to objectively assess the best strategy for defendant to pursue" was impaired (*People v Carncross*, 14 NY3d 319, 328 [2010]; *see People v Mattison*, 67 NY2d at 469-470; *People v Macerola*, 47 NY2d at 262; *People v Dell*, 60 AD2d 18, 22-23 [1977]). Inasmuch as the actual conflict of interest is clear, reversal is required (*see People v Solomon*, 20 NY3d at 97-98; *People v Mattison*, 67 NY2d at 469-470).

Defendant's appeal from the order denying his motion is rendered academic by our reversal of the judgment.

Peters, P.J., Lahtinen and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Delaware County for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the order is dismissed, as academic.

