This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 88
The People &c.,
        Respondent,
     v.
Gary Wright,
        Appellant.


Michael Katzer, for appellant.
Christopher D. Horn, for respondent.


DiFIORE, Chief Judge:

The issue presented by this appeal is whether it was an abuse of discretion to deny defendant's CPL 440.10 motion to vacate his judgment of conviction without a hearing. We hold that the courts below were within their discretion to summarily deny the motion because defendant's papers failed to substantiate

- 1 -

the allegations that there was an actual conflict of interest or that any potential conflict operated on the defense.

In September 2008, defendant was charged with attempted rape and was arraigned in local court. At that time, he was represented by the first of three attorneys to represent him during the criminal action. The Albany County District Attorney's Office represented the People. Defendant retained his second attorney, James Long, in February 2009. Long represented defendant throughout a significant portion of the pre- and postindictment proceedings, including plea negotiations and a Huntley hearing. In September 2009, defendant fired Long and retained a third attorney, who represented him for the remainder of the prosecution, including the November 2009 trial where defendant was convicted of attempted rape in the first degree and two counts of sexual abuse in the first degree, as charged in the indictment.

Defendant subsequently made successive CPL 440.10 motions to vacate the judgment of conviction based on newly discovered evidence relating to the credibility of certain witnesses. County Court denied both motions without a hearing. The Appellate Division affirmed the judgment of conviction and the denial of both CPL 440 motions in a single order (88 AD3d 1154 [3d Dept 2011]). A Judge of this Court denied defendant's application for leave to appeal (18 NY3d 863 [2011]).

In April 2014, defendant made the instant motion to

vacate his judgment of conviction pursuant to CPL 440.10 based on an alleged conflict of interest, asserting that his attorney, Long, had simultaneously represented the Albany County District Attorney, P. David Soares. Defendant maintained that evidence of the alleged conflict was newly discovered, that his conviction was obtained in violation of his right to counsel and that it was based on misrepresentation or fraud on the part of the prosecutor. He further asserted that Long had provided ineffective assistance of counsel. Defendant also sought an order disqualifying Soares from taking any further action in his case, as well as the appointment of a Special District Attorney.

More specifically, defendant alleged that Long had represented Soares in October 2008 -- four months before Long was retained by defendant -- by writing a letter in connection with Soares' November 2008 reelection campaign. In support, defendant attached an October 18, 2008 article from the Albany Times Union, which stated that Long, who represented the campaign, had sent a letter to the Board of Elections asking to examine the machine ballots prior to the general election. Defendant next alleged that, in 2011-2012, Long was counsel of record for Soares in a disciplinary proceeding and in Soares' divorce action. Based on these allegations, defendant maintained that the attorney-client relationship between Soares and Long was continuous and had lasted throughout the duration of defendant's criminal action. Defendant also pointed out that, in other pending criminal

actions in the period between 2012 and 2013 where Long was the defense counsel, Soares, through his own affirmation, or the affirmation of his Chief Assistant, admitted the fact of simultaneous representation and sought the appointment of a special district attorney pursuant to County Law § 701 based on the existence of a conflict of interest.

In response, the People submitted an affirmation from an Assistant District Attorney who maintained that there had been no simultaneous representation, and thus no actual conflict, and that there was no potential conflict that had operated on the defense. The People, in the affirmation, denied "any and all allegations of fact made by defendant in his moving papers that [they had] not specifically conceded." The responding papers did not include an affidavit from Soares himself.

County Court denied the motion without a hearing, finding that defendant failed to establish an actual conflict, that any conflict based on Long's subsequent 2011 representation of Soares did not retroactively infect Long's 2009 representation of defendant, and that defendant did not demonstrate actual prejudice. The court also concluded that the alleged conflict did not amount to newly discovered evidence, as it could have been discovered with due diligence at the time of trial. The Appellate Division affirmed, determining that there was no record support for the assertion that there was an actual conflict and that defendant failed to show that any potential conflict had

operated on the defense (129 AD3d 1217, 1218-1219 [3d Dept 2015]). A Judge of this Court granted defendant leave to appeal (26 NY3d 1044 [2015], and we now affirm.

CPL 440.30 requires that, where the motion to vacate a judgment of conviction "is based upon the existence or occurrence of facts," sworn allegations thereof must be included in the motion papers (see CPL 440.30 [1] [a]). The sworn allegations can be based on personal knowledge or on information and belief, but in support of the latter, "the affiant must state the sources of such information and the grounds of such belief" (CPL 440.30 [1] [a]). The People "may" file an answer "denying or admitting any or all of the allegations" (see CPL 440.30 [1] [a]). The statute permits a court to deny the motion without a hearing in certain circumstances, including if it "is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]). We review the summary denial of a CPL 440 motion under an abuse of discretion standard (see People v Jones, 24 NY3d 623, 630 [2014]).

Defendant contends that his representation by Long was subject to an actual and inherent conflict of interest and that his conviction must therefore be vacated. "A lawyer simultaneously representing two clients whose interests actually conflict cannot give either client undivided loyalty" (People v

Ortiz, 76 NY2d 652, 656 [1990]).  We have distinguished between actual and potential conflicts of interest, observing that reversal of a defendant's conviction would be required where there is even a significant possibility of an actual conflict (see People v Solomon, 20 NY3d 91, 95-96 [2012]).  "'[A] defendant is denied the right to effective assistance of counsel guaranteed by the Sixth Amendment when, absent inquiry by the court and the informed consent of defendant, defense counsel represents interests which are actually in conflict with those of defendant'" (Solomon, 20 NY3d at 97, quoting People v McDonald, 68 NY2d 1, 8 [1986]).

By contrast, where there is a potential conflict of interest that has not been waived, the defendant must show that the conflict operated on the defense (see Solomon, 20 NY3d at 97-98).  A potential conflict may exist where the conflicting representations are successive, rather than simultaneous.  "Even though a representation has ended, a lawyer has continuing professional obligations to a former client, including the duty to maintain that client's confidences and secrets" (Ortiz, 76 NY2d at 656).

Here, defendant's actual conflict claim consists of unsubstantiated and conclusory allegations of simultaneous representation.  He relies on a letter Long wrote on behalf of Soares' campaign four months before Long first represented defendant, and Long's representation of Soares on various

personal matters years after Long's representation of defendant had ceased.  Beyond mere supposition, there is no factual support for the conclusion that Long's representation of Soares' reelection campaign in 2008 continued beyond its apparent scope, or that it overlapped with his 2009 representation of defendant. Under CPL 440.30 (4) (b), based on this failure to provide sworn allegations substantiating or tending to substantiate the essential facts, County Court was within its province to deny the motion without a hearing (compare CPL 710.60 [3] [b]; People v Mendoza, 82 NY2d 415 [1993]).

        This is not a case where the People offered or conceded any facts to substantiate the defendant's legal argument, as the Assistant District Attorney, who acts on behalf of the District Attorney (see County Law § 702), in his affirmation specifically denied that there was any concurrent representation (compare People v Gruden, 42 NY2d 214 [1977]).  There is also no merit to the claim that the trial court lacked the discretion to summarily deny the 440 motion based on the People's failure to submit an affirmation from Soares, himself, on a theory that this omission amounts to a presumptive admission of the alleged conflict. Indeed, the statute is plain that the initial failure by a defendant to carry his or her burden of coming forward with sworn allegations substantiating the essential facts in the 440 motion does not shift the burden to the People in their responsive pleadings.

Defendant argues that evidence of the existence of the conflict would most likely be out of his reach (see People v Shinkle, 51 NY2d 417, 420-421 [1980]). This claim is without merit in these circumstances. Defendant admittedly never attempted to obtain the necessary information from his own attorney (Long). Whatever the strategy of omission, we simply do not know whether Long's answer would have aided defendant's claim. The failure to include an affirmation from counsel, or an explanation for the failure to do so, has been held to warrant the summary denial of a defendant's postconviction motion (see People v Morales, 58 NY2d 1008, 1009 [1983]; People v Scott, 10 NY2d 380, 381-382 [1961]). Of course, if defendant either obtains the requisite information from Long or Long proves uncooperative, he is permitted by statute to bring a subsequent CPL 440 motion (see People v Session, 34 NY2d 254, 256 [1974]).

To the extent defendant's allegations are sufficient to establish a potential conflict -- based on the successive representation -- his papers do not attempt to demonstrate that such a conflict operated on the defense. Long's representation had concluded two months before defendant went to trial, where he was represented by another attorney. He also conceded in his motion papers that he is unable to "pinpoint the manner in which his loyalty was betrayed and/or his confidences were compromised."

In sum, there was no abuse of discretion in the denial

of his motion without a hearing.

Defendant's remaining contentions are without merit.

Accordingly, the order of the Appellate Division should be affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed.  Opinion by Chief Judge DiFiore.  Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided June 9, 2016