People v Peters (2017 NY Slip Op 08497)





People v Peters


2017 NY Slip Op 08497


Decided on December 5, 2017


Appellate Division, First Department


Gesmer, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, J.P.
Barbara R. Kapnick
Ellen Gesmer
Cynthia S. Kern, JJ.


3189/12 4800 

[*1]The People of the State of New York, Respondent,
v
Dominique Peters, Defendant-Appellant.



Defendant appeals from a judgment of the Supreme Court, New York County (Bruce Allen, J.), rendered November 7, 2014, convicting him, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and imposing sentence.




Christina Swarns, Office of the Appellate Defender, New York (Kate Mollison of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



GESMER, J.


In this observation drug sale case, defendant, an alleged seller, was appointed the same attorney at his Criminal Court arraignment as Edward Jones, one of the alleged buyers. During the course of counsel's simultaneous representation of defendant and Jones, Jones accepted a plea that required him to allocute to a description of one of the drug sellers. Jones allocuted to a description fitting defendant, and testified consistently with the allocution as a prosecution witness at trial. Since we find that counsel's simultaneous representation of defendant at the time of Jones's plea constituted an actual conflict, we reverse and remand for a new trial. In addition, because Jones's testimony is interwoven with a violation of defendant's New York State and Federal right to the effective assistance of counsel, we preclude the People from using Jones's testimony at any retrial.
Defendant was arraigned in Criminal Court on July 8, 2012. The felony complaint alleged that, along with a codefendant, defendant had been observed speaking with Edward Jones and another man in the vicinity of 333 Sixth Avenue. The complaint identified Jones by name, [*2]described him as a "separately charged defendant," and listed his arrest number [FN1]. According to the complaint, Jones allegedly handed money to defendant, who walked over to a magazine stand. Jones then walked to the magazine stand, picked up an object, and placed it in his pocket. When Jones was arrested, he possessed crack cocaine.
During defendant's arraignment, he was appointed the same counsel as Jones. Defendant and Jones's simultaneous representation continued for the next six months.
Counsel represented defendant during his arraignment in Supreme Court on August 1, 2012. He filed an omnibus motion on defendant's behalf on August 20, 2012. In his supporting affirmation, counsel stated, "It is alleged the defendant . . . did sell a bag of cocaine to Edward Jones . . . in the vicinity of 333 [Sixth Avenue] . . . ."
On January 17, 2013, counsel appeared with Jones in Criminal Court and informed the sitting judge that "[t]here is an offer of a violation, 15 days. My client will allocute as to the seller. That's what they want him to do, they want him to describe the seller that he bought from. . . ." The People confirmed that they were offering a disorderly conduct violation that required a "particular allocution" from Jones. "After a conversation with Mr. Jones," counsel informed the court that he was authorized to enter Jones's plea.
Jones was sworn in and the People allocuted him as follows:
"[The People]: [I]s it true that you .
bought crack cocaine from two men . . . ?
"[Jones]: Yes.
"[The People]: One of those men was an
African American who was about 24 years old?
"[Jones]: Yes.
"[The People]: Six feet tall?
"[Jones]: Yes.
"[The People]: Weighed about 180 pounds?
"[Jones]: Yes."[FN2]
Counsel continued to represent defendant after Jones's plea. In June 2013, counsel asked to be relieved because defendant had filed a disciplinary complaint against him. Defendant was appointed a new attorney. That attorney was also relieved, and in October 2014, defendant proceeded to hearings and a nonjury trial under the representation of his third attorney (trial [*3]counsel).
The People subpoenaed Jones to testify at defendant's trial. Before Jones was called as a witness, the Assistant District Attorney informed the trial court that, "[o]n the advice of some of my supervisors, I obtained an order . . . for counsel to be assigned, based on the fact that Mr. Jones said that if he were to testify, he would testify inconsistently with his sworn plea minutes, sworn plea allocution." Counsel was thus appointed to "explain . . . the dangers of giving testimony that could lead to perjury charges."
Trial counsel notified the trial court that, from his review of Jones's plea minutes, it appeared that, at the time of the plea, Jones and defendant had been represented by the same counsel. The trial court asked the Assistant District Attorney how this could have happened, and he replied that he did not know.
When Jones was called as a witness, he identified defendant in the courtroom and testified that he knew defendant from seeing him in the area of Sixth Avenue and West Fourth Street. Jones further testified that he saw defendant on Sixth Avenue on July 8, 2012 and that he indicated to defendant that he wanted to buy crack cocaine. Jones testified that he placed 10 dollars on a magazine stand for defendant and defendant placed a glassine of crack cocaine on the magazine stand that Jones took.
After the completion of Jones's direct examination, the trial court recessed for trial counsel to prepare his cross-examination. When the proceedings resumed, trial counsel informed the trial court that he had confirmed with the People that prior counsel had simultaneously represented Jones and defendant. Trial counsel moved to strike Jones's testimony on the basis that defendant's right to the effective assistance of counsel had been violated by a "clear conflict." The People argued that, while it was "pretty clear that there was an issue with a conflict of interest between [prior counsel] representing both Mr. Jones and [] defendant," the appropriate remedy was not to exclude Jones's testimony. The People contended that nothing showed that the conflict had affected Jones's plea and allocution, or defendant's ability to be effectively represented. The trial court reserved decision.
During cross-examination, Jones admitted that he did tell the Assistant District Attorney, in his office, that defendant did not sell him crack cocaine. During redirect, Jones explained that he believed he did not have to tell the prosecutor the truth in his office, but that, now that he was under oath, he was "not going to perjure [him]self. . . ."
Prior to resting, trial counsel asked for a ruling on his application to strike Jones's testimony. The trial court denied the application. Trial counsel renewed his motion for a trial order of dismissal on these grounds, which was also denied. The trial court found defendant guilty of criminal sale of a controlled substance in the third degree and imposed a sentence of time served.
A defendant's right to the effective assistance of counsel includes the right to be represented by an attorney who has no conflicts and is "single mindedly devoted to the client's best interests" (People v Berroa, 99 NY2d 134, 139 [2002] [internal quotation marks ommitted]; US Const, 6th Amend; NY Const, art I, § 6). The Court of Appeals has distinguished between two types of conflicts of interest: actual conflicts and potential conflicts (People v Sanchez, 21 NY3d 216, 223 [2013]; People v Solomon, 20 NY3d 91, 95 [2012]). An actual conflict exists when "an attorney simultaneously represents clients whose interests are opposed" (Sanchez, 21 NY3d at 223). In the case of an actual conflict, "reversal is required if the defendant does not waive the actual conflict" (id. at 223; see also Solomon, 20 NY3d at 97). Where an attorney's representation merely creates the potential for conflict, reversal is required only if the potential conflict "operates on or affects the defense" and is not waived (Sanchez, 21 NY3d at 223 [internal quotation marks omitted]).
Here, defendant's right to the effective assistance of counsel was infringed by an actual [*4]conflict. At the time of their simultaneous representation and Jones's plea, the interests of defendant and Jones were clearly opposed. Jones had an interest in avoiding a criminal conviction by allocuting to identify defendant as one of the people who had sold him drugs. Defendant had an interest in not being so identified. Counsel was thus placed in the "very awkward position of a lawyer subject to conflicting demands" (Solomon, 20 NY3d 91, 97 [2012] [internal quotation marks omitted]), and could not provide his "undivided loyalty" (People v Prescott, 21 NY3d 925, 927 [2013] [internal quotation marks omitted). Indeed, despite defendant's right to representation by an attorney single-mindedly devoted to his best interests, counsel pursued a strategy in Jones's case directly at odds with defending defendant from the drug sale charges that he faced (see Prescott, 21 NY3d at 927-928; People v Lynch, 104 AD3d 1062, 1063-1064 [3d Dept 2013]). After swearing to a description of one of the sellers that fit defendant, Jones became unavailable to defendant as a trial witness and his strength as a prosecution witness was enhanced [FN3]. Counsel's actions with respect to Jones were inconsistent with representing defendant in the best way possible, so defendant was denied the "right to receive advice and assistance from an attorney whose paramount responsibility is to that defendant alone" (Solomon, 20 NY3d at 97 [internal quotation marks omitted]).
In finding an actual conflict, we reject the People's argument that counsel's simultaneous representation of defendant and Jones gave rise only to a potential conflict. The People's reliance on People v Harris (99 NY2d 202 [2002]) is misplaced. In that case, counsel was unaware that he had represented both the defendant and a confidential informant who had testified against the defendant in the grand jury (Harris, 99 NY2d at 210). Here, Jones's connection to defendant was not hidden from counsel; the felony complaint alleged that Jones had purchased drugs from defendant, and counsel demonstrated he was aware of that allegation. Moreover, while the Court of Appeals acknowledged in Harris that, had the defendant and the informant been represented by separate counsel, defendant would not have received more vigorous representation, this case presents an actual conflict where reversal is required regardless of whether the conflict operated on the defense (id. at 211). Indeed, the issue here is not that a different attorney might have similarly advised Jones, but that counsel acted against defendant's interests by advising Jones as he did.
We have also considered and rejected the People's argument that the record on appeal is insufficient to decide the conflict of interest issue (cf. People v Mora, 290 AD2d 373 [1st Dept 2002], lv denied 98 NY2d 639 [2002]; People v Frias, 250 AD2d 495, 496 [1st Dept 1998], lv denied 92 NY2d 982 [1998]).
We turn now to the issue of the appropriate remedy. While the presence of an actual conflict mandates reversal, defendant has argued that we should also either dismiss the indictment or remand for a new trial at which Jones's testimony is excluded. We reject defendant's request for dismissal, but we agree that the People should be precluded from using Jones's testimony.
Defendant's request for dismissal is unavailing for two reasons. First, the record before us establishes that, even without Jones's testimony, the People possess other evidence with which to establish a prima facie case against defendant should they retry him (compare People v Rossi, 80 NY2d 952, 954 [1992], with People v Perkins, 189 AD2d 830, 833 [2d Dept 1993]).
Second, while defendant has completed his sentence, he was convicted of a class B felony, a serious offense for which a "penological purpose []" would be served by remanding the matter for further proceedings (People v Allen, 39 NY2d 916, 918 [1976]; People v Conceicao, 26 NY3d 375, 385 n 1 [2015]).
However, we agree that it is necessary and appropriate to preclude the People from using Jones's testimony should they retry defendant. In other cases, courts have granted remedies uniquely tailored to dissipating the taint of counsel's ineffective assistance. Thus, in cases where a defendant received ineffective assistance because of counsel's failure to seek suppression, the matter was remitted for a suppression hearing (People v Bilal, 27 NY3d 961, 962 [2016]; People v Zeh, 144 AD3d 1395, 1398-1399 [3d Dept 2016], lv denied 29 NY3d 954 [2017]). Where appellate counsel failed to argue that trial counsel was ineffective for failing to object to the submission of a time-barred charge of manslaughter in the first degree and the jury acquitted the defendant of murder and convicted on the time-barred manslaughter count, the indictment was dismissed upon the granting of the defendant's coram nobis application (see People v Turner, 10 AD3d 458, 460 [2d Dept 2004], affd 5 NY3d 476 [2005]). Where defense counsel was ineffective for failing to make a CPL 30.30 motion, the matter was remitted for the appointment of new counsel and a hearing on the defendant's speedy trial claim (see People v St. Louis, 41 AD3d 897, 898-899 [3d Dept 2007]).
Under the unique circumstances of this case, the exclusion of Jones's testimony at any future trial is necessary to dissipate the taint of counsel's conflicted and ineffective representation. Counsel acted against defendant's interests when he advised Jones to accept a plea requiring an allocution adverse to defendant. The allocution eliminated any possibility that Jones could have provided exculpatory testimony as a defense witness, and ensured instead that Jones's testimony would be inculpatory when he was called as a witness by the People. Accordingly, Jones's testimony was, and continues to be, interwoven with a violation of defendant's State and Federal right to the effective assistance of counsel.
We have considered and rejected defendant's arguments concerning suppression rulings. Since we are ordering a new trial, we find it unnecessary to reach any other issues.
Accordingly, the judgment of the Supreme Court, New York County (Bruce Allen, J.), rendered November 7, 2014, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to
time served, should be reversed, on the law, the matter remanded for a new trial, and the People precluded from using the testimony of Edward Jones at any retrial.
All concur.
Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 7, 2014, reversed, on the law, the matter remanded for a new trial, and the People precluded from using the testimony of Edward Jones at any retrial.
Opinion by Gesmer, J. All concur.
Renwick, J.P., Kapnick, Gesmer, Kern, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2017
CLERK



Footnotes

Footnote 1: Jones was separately charged with the misdemeanor offense of criminal possession of a controlled substance in the seventh degree based on his possession of crack cocaine allegedly purchased from defendant.

Footnote 2: At the time of his arraignment, defendant was 20 years old, six feet, three inches tall, and weighed 200 pounds.

Footnote 3: If Jones deviated from his sworn allocution, the People would have been within their rights to impeach Jones with his plea minutes (see CPL 60.35[1]; People v Liggan, 62 AD3d 523, 524 [1st Dept 2009], lv denied 13 NY3d 908 [2009]), and he would have faced perjury charges.