People v Hill (2019 NY Slip Op 03810)





People v Hill


2019 NY Slip Op 03810


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2015-05708
 (Ind. No. 13-00668)

[*1]The People of the State of New York, respondent,
v Isaiah Hill, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered April 7, 2015, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, and the matter is remitted to the County Court, Westchester County, for further proceedings.
The defendant was charged under Indictment No. 13-00668 with murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The defendant was later charged under Indictment No. 14-00627 with assault in the second degree and assault in the third degree. Following a pretrial hearing on Indictment No. 13-00668, the defendant's counsel (hereinafter the attorney), who represented the defendant on the charges under both Indictment Nos. 13-00668 and 14-00627, learned that he had a conflict of interest with the defendant, as the attorney's law office also represented, on unrelated charges, the prosecution's principal witness in the case under Indictment No. 13-00668. The witness was to testify that he saw the defendant shoot and kill the unarmed victim. The County Court granted the attorney's motion to be relieved as defense counsel in the case under Indictment No. 13-00668. However, the attorney remained as the defendant's counsel on the charges under Indictment No. 14-00627.
The defendant ultimately pleaded guilty to certain charges on both indictments in exchange for a reduced sentence.
The defendant contends that he was denied his right to the effective assistance of counsel because of a conflict of interest involving his defense. We agree. The defendant was denied his right to effective assistance of counsel when the attorney, who had been relieved as the defendant's counsel on Indictment No. 13-00668 because of a conflict of interest with the prosecution's principal witness, made a plea offer with respect to that indictment (see People v [*2]Solomon, 20 NY3d 91, 96). The defendant failed to receive representation that was conflict-free and singlemindedly devoted to his best interests as required by both the Constitution of the United States and the New York State Constitution (see US Const 6th Amend; NY Const, art I, § l6; People v Harris, 99 NY2d 202, 209). Accordingly, we reverse the judgment under Indictment No. 13-00668, vacate the plea of guilty, and remit the matter to the County Court, Westchester County, for further proceedings.
In light of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court