People v Palmer (2019 NY Slip Op 05228)





People v Palmer


2019 NY Slip Op 05228


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

108695

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CORDELL F. PALMER, Appellant.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Kevin A. Jones, Ithaca, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered June 2, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
A confidential informant (hereinafter CI) provided police with information that an individual was selling heroin from an apartment. The police obtained a search warrant and raided the apartment, and defendant was arrested and charged by indictment with criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. At arraignment, defense counsel, a member of the Public Defender's office, informed County Court that the People had advised him of a possible conflict of interest issue regarding the dual representation of defendant and the CI by the Public Defender's office. County Court did not conduct any further inquiry, address the issue with defendant in order to obtain informed consent or assign new counsel. Defendant subsequently pleaded guilty to attempted criminal possession of a controlled substance in the third degree in full satisfaction of the indictment. County Court sentenced defendant, as a second felony offender, to the agreed-upon sentence of three years in prison — together with three years of postrelease supervision — to be served under parole supervision as part of the Willard drug treatment program pursuant to CPL 410.91. Defendant appeals.
Defendant argues that he was denied the effective assistance of counsel because the Public Defender's office had an actual conflict of interest and defendant did not consent to the conflict. Even assuming that the issue is not preserved for our review, we find that the particular circumstances presented here warrant the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]). "A defendant is denied the right to effective assistance of counsel guaranteed by the Sixth Amendment when, absent inquiry by the court and the informed consent of [the] defendant, defense counsel represents interests which are actually in conflict with those of [the] [*2]defendant" (People v McDonald, 68 NY2d 1, 8 [1986] [citations omitted]; see People v Solomon, 20 NY3d 91, 95-96 [2012]). "Discussions of the effect of a lawyer's conflict of interest on a defendant's right to the effective assistance of counsel distinguish between a potential conflict and an actual conflict" (People v Solomon, 20 NY3d at 95 [citations omitted]). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict. In contrast, a potential conflict that is not waived by the accused requires reversal only if it operates on or affects the defense" (People v Sanchez, 21 NY3d 216, 223 [2013] [internal quotation marks and citations omitted]; see People v Wright, 27 NY3d 516, 520-521 [2016]).
Here, the People concede that the Public Defender's office was simultaneously representing both defendant and the CI during the pendency of this criminal action, and defendant and the CI had opposing interests. Inasmuch as defendant never waived the conflict, reversal of the judgment is warranted (see People v Solomon, 20 NY3d at 95-98).
Clark, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.