[990 NE2d 125, 967 NYS2d 887]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE PRESCOTT, Appellant.

Argued March 21, 2013; decided May 7, 2013

**APPEARANCES OF COUNSEL**

*Gleason, Dunn, Walsh & O'Shea,* Albany (*Thomas F. Gleason* of counsel), for appellant.

*Frank A. Sedita, III, District Attorney,* Buffalo (*Matthew B. Powers* and *Donna A. Milling* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, defendant's application for a writ of error coram nobis granted, the Appellate Division's October 2009 order of affirmance vacated, and the case remitted to the Appellate Division for a de novo determination of the appeal to that Court.

Defendant Tyrone Prescott alleges that he was denied effective assistance of counsel due to an unwaived actual conflict of interest occasioned by his appellate counsel's representation of defendant's codefendant, Calvin Martin, at Martin's sentencing hearing. The People concede the simultaneous representation, but maintain that it is legally inconsequential because it was of a relatively short duration, appellate counsel did not represent Martin by the time defendant's appeal was perfected, and because it did not operate on defendant's direct appeal. We disagree.

Defendant retained counsel to represent him on his appeal from his conviction for gang assault, but without defendant's knowledge or consent, this same counsel represented codefendant Martin at Martin's sentencing hearing. Martin had served as a prosecution witness, and testified against defendant. At the

sentencing hearing, counsel argued for leniency, in part, because of Martin's cooperation with the prosecution and testimony adverse to defendant.

Counsel thereafter represented defendant on his appeal, wherein he argued that the weight of the evidence did not support the conviction, and specifically sought to discredit codefendant Martin. Counsel argued before the Appellate Division that the Court should reject Martin's testimony as the words of an admitted liar, who sought to gain from his "incredible" testimony against defendant. Counsel never informed defendant, or the court, that he represented Martin. Nor did he provide defendant the transcript of Martin's sentencing hearing, even after defendant contacted counsel and inquired as to whether comments at the hearing revealed that Martin lied on the stand. The Appellate Division affirmed defendant's conviction (66 AD3d 1357 [4th Dept 2009], *lv denied* 13 NY3d 909 [2009]).

Defendant subsequently learned of his appellate counsel's representation of Martin and moved for a writ of error coram nobis. The Appellate Division denied the motion for the writ (87 AD3d 1413 [4th Dept 2011]), and a Judge of this Court granted defendant leave to appeal (19 NY3d 866 [2012]).

It is undisputed that appellate counsel represented defendant and his codefendant simultaneously, that appellate counsel argued at Martin's sentencing hearing for leniency based on Martin's trial testimony adverse to the defendant, and that defendant neither knew nor had the opportunity to waive any conflict arising from appellate counsel's representation of defendant and Martin. Under these circumstances, an actual unwaived conflict existed.

An attorney may not simultaneously represent a criminal defendant and a codefendant or prosecution witness whose interests actually conflict unless the conflict is validly waived (*see People v Solomon*, 20 NY3d 91, 96-97 [2012]; *People v Macerola*, 47 NY2d 257, 264 [1979]). Simultaneous representation of two clients with conflicting interests means the lawyer "cannot give either client undivided loyalty" (*People v Ortiz*, 76 NY2d 652, 656 [1990]). Counsel has the duty to inform the client and the court so that the court may ascertain the nature of the conflict and give the client an opportunity to waive it (*see People v Wandell*, 75 NY2d 951, 952 [1990]; *People v Gomberg*, 38 NY2d 307, 313-314 [1975]), if indeed it is waivable (*People v Carncross*, 14 NY3d 319, 328 [2010]).

Here, counsel represented defendant on appeal, and at the same time represented codefendant Martin at Martin's sentencing

hearing. Appellate counsel's arguments at the sentencing hearing, where counsel argued for leniency based on the codefendant's cooperation with the prosecution and testimony against defendant, were in direct conflict with his strategy on defendant's appeal, which depended on discrediting the testimony of the codefendant. Thus, the interests of defendant and codefendant Martin were conflicting.

The conflict is no less significant, nor defendant's ineffective assistance of counsel claim rendered any less meritorious, because appellate counsel's representation of Martin ended prior to completion of defendant's representation. The successive representation concerned substantially related matters, but depended on mutually incompatible legal strategies, which undermined appellate counsel's loyalties. Moreover, conflicts arise even in cases of successive representation because "[e]ven though a representation has ended, a lawyer has continuing professional obligations to a former client, including the duty to maintain that client's confidences and secrets (*People v Alicea*, 61 NY2d 23, 29 [1983]), which may potentially create a conflict between the former client and a present client" (*Ortiz*, 76 NY2d at 656). Holding otherwise would render an ineffective assistance of counsel claim based on conflict meaningless if the conflicted counsel could merely terminate representation of one party while continuing to represent another.

On these facts, where appellate counsel failed to apprise defendant of this conflict prior to or during the appeal process, in disregard of his duty to his client, and where defendant did not waive the conflict, the writ should be granted.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur.

Order reversed, defendant's coram nobis application granted, the Appellate Division's October 2009 order of affirmance vacated, and case remitted to the Appellate Division, Fourth Department, for a de novo determination of the appeal to that Court, in a memorandum.