OPINION OF THE COURT
Timothy J. Lawliss, J.
On July 12, 2012, David Z. (the father) filed a petition seeking to modify this court’s January 11, 2010 order of support regarding the child Zachary.
At the hearing on his petition, the father appeared telephonically before Support Magistrate Jonathan Heussi. Before calling the father, the Support Magistrate stated “Mr. Gallant is here representing [the father].” Attorney Gallant did not dispute this statement. After the father was on the phone, the Support Magistrate stated, “we have Mr. Gallant here representing your interests.” Again, Attorney Gallant did not dispute this statement.
At the hearing on the father’s petition, Caitlin W (the mother) appeared in person. Immediately after noting the mother’s presence, the Support Magistrate asked Attorney Scaglione if he was “involved in this” and Attorney Scaglione answered “yes.” Thereafter Attorney Scaglione spoke on the mother’s behalf during the hearing.
The Support Magistrate issued an amended order modifying an order of support dated September 13, 2012 granting the father’s application for a downward modification of his child *609 support obligation. On behalf of the mother, Attorney Scaglione filed written objections and stated, “I represented the Respondent, Caitlin [W], at a support modification hearing.” Attorney Gallant filed a reply to the objection on behalf of the father and stated, “I represent the Petitioner, David [Z.].”
Both Attorney Scaglione and Attorney Gallant are assistant county attorneys for Essex County. The court, in correspondence to counsel, expressed concern about the attorneys’ potential conflicts of interest and provided both attorneys an opportunity to address the issue in writing.* Attorney Scaglione did not respond to the court’s letter. Attorney Gallant responded, in part, as follows.
“I am the Essex County Assistant County Attorney for Social Services. One of my duties is to represent a parent in Support Court when asked by the Support Collection Unit. Another Assistant County Attorney (David Scaglione) handles all the support cases for DSS. I do fill in periodically when the regular Assistant County Attorney is absent or cannot proceed for other reasons.
“In the instant case, I represented the father’s . . . petition in a support proceeding (at the request of [the Child Support Enforcement Unit (CSEU)]) and the other Assistant County Attorney represented the mother’s . . . position. Both parents were aware that both of the attorneys were Assistant County Attorneys and signed a LDSS-4920 form which states in part that the CSEU attorneys do not represent the client, but is helping the CSEU provide the parent with an additional service” (emphasis supplied).
Attorney Gallant then goes on to quote Office of Temporary and Disability Assistance, Administrative Directive 10-ADM-02 regarding legal services and cost recovery for recipients of child support services (the Directive), which clarifies that no attorney-client relationship exists between the litigant and the attorney providing the litigant with assistance at the request of the CSEU. The Directive further states that the attorney appears on behalf of and represents the interests of the child support agency to provide assistance for the Child Support Enforcement *610 Unit. Apparently, it is Attorney Gallant’s position that, since neither he nor Attorney Scaglione represented a litigant in this action, but only represented the CSEU, there was no conflict of interest having two assistant county attorneys assisting opposing parties in the same litigation.
Although the court agrees with Attorney Gallant regarding one point, the court cannot agree with his final conclusions. The court agrees that, pursuant to Social Services Law § 111-c (4) and 18 NYCRR 347.17 (d) (2), when a litigant asks for legal assistance from the CSEU, the attorney provided by the CSEU to assist the litigant is supposed to appear and represent the interest of the CSEU, not the interest of the litigant.
However, whenever an attorney appears on behalf of CSEU, the attorney is required to clearly disclose his or her role to the litigant at each appropriate opportunity.
“It is important that the CSEU attorney, when providing legal services, clearly disclose his or her role to the [child support services (CSS)] recipient at each appropriate opportunity. Full disclosure can eliminate honest misunderstandings or the creation of an implied attorney-client relationship. The CSEU attorney should not by word or conduct imply that an attorney/client relationship exists.” (Directive § [V] [A] [2] [a]; see also Social Services Law § 111-c [4]; 18 NYCRR 347.17 [d] [2].)
In the case at bar, it is clear that neither Attorney Gallant nor Attorney Scaglione complied with this requirement. By word and conduct at the hearing and in the filings related to the objection, both attorneys made representations that they represented the individual litigants. To compound the problem, Support Magistrate Heussi also indicated that the attorneys represented the litigants. Notwithstanding their signatures on a boiler plate form (LDSS-4920 [Dec. 2009]), any reasonable person in the position of the petitioner or the respondent would have been led to believe that the attorneys appearing in this case represented the litigants’ interests. The failure of both attorneys to clarify who the attorneys represented requires that the findings of the Support Magistrate be vacated and that the matter be remanded for a new hearing.
To make matters worse, the court finds that the actions of each of the two attorneys involved in this case in fact created an attorney-client relationship between the attorney and litigant that he was supposed to assist.
“In order to avoid the creation of an implied *611 attorney-client relationship, it is also important that staff is trained about the delivery of legal services and should not suggest to the CSS recipient that the CSEU attorney is the CSS recipient’s attorney. Instead, CSEU staff should be reminded to refer to the [Clinton County Department of Social Services] recipient as ‘customers’ or ‘recipient of services’ rather than ‘clients.’ The CSEU attorney should do the same.” (Directive § [V] [A] [2] [a] [emphasis provided]; see also Social Services Law § 111-c [4]; 18 NYCRR 347.17 [d] [2].)
When the words and actions of an attorney would lead a reasonable person to believe that the attorney represents the individual, the attorney-client relationship has been created regardless of the intent of the attorney. “[F]ormality is not essential to the formation of an attorney-client relationship; rather, ‘it is necessary to look at the words and actions of the parties to ascertain’ if such a relationship was formed.” (McLenithan v McLenithan, 273 AD2d 757, 758 [3d Dept 2000] [citation omitted].) Given that the actions of Attorneys Gallant and Scaglione created an attorney-client relationship between themselves, the father and the mother, it would appear inappropriate to have either attorney represent the CSEU upon remand. During the next hearing, the parties to the litigation would be prior clients to Attorneys Gallant and Scaglione and, obviously, the hearing upon remand will involve the same or substantially related matters to which each attorney represented the individual litigant during the last hearing. (See Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.6 [confidentiality of information], 1.9 [duties to former clients].)
Finally, the court turns to the fundamental issue presented. May two assistant county attorneys, who are both charged with representing the CSEU, assist two litigants in the same action when the litigants have directly opposing interests. The court concludes that they cannot and the CSEU must utilize other options available to assist litigants with conflicting interests. (See Directive § [V] [A] [2] [b], [c].) Obviously if the County Attorney did not have any assistants, it would be preposterous for the County Attorney to appear in the action on behalf of the CSEU and assist both parties. (See People v Ortiz, 76 NY2d 652, 656 [1990] [“(a) lawyer simultaneously representing two clients whose interests actually conflict cannot give either client undivided loyalty”]; see also People v Carncross, 14 NY3d 319 [2010].) That which the County Attorney cannot do, *612 his or her assistants cannot do. (See County Law §§ 501, 502.) This situation is analogous to a criminal action involving two indigent codefendants. Two assistant public defenders working in the same office could not represent codefendants in the same action when the codefendants’ interests are actually directly opposed. (See People v Prescott, 21 NY3d 925, 927 [2013] [“(a)n attorney may not simultaneously represent a criminal defendant and a codefendant or prosecution witness whose interests actually conflict unless the conflict is validly waived”]; see also People v Lynch, 104 AD3d 1062 [3d Dept 2013] [regards not public defenders but, rather, counsel both from same law firm]; People v Cristin, 30 Misc 3d 383 [Sup Ct, Bronx County 2010].)
Accordingly, it is hereby ordered, that the amended order modifying an order of support dated September 13, 2012 is hereby vacated; and it is further ordered, that this matter is remanded for a new hearing consist with this judicial review; and it is further ordered, that both Attorney Gallant and Attorney Scaglione are disqualified from representing either party or the CSEU upon remand; and it is further ordered, all parties shall take notice that: pursuant to section 1113 of the Family Court Act, an appeal must be taken within 30 days of receipt of the order by appellant in court, 35 days from the mailing of the order to the appellant by the clerk of the court, or 30 days after service by a party or attorney for the child upon the appellant, whichever is earliest.

 This is the court’s second review of the mother’s objections. In its initial response to the objections, the court remanded the matter to the Support Magistrate for clarification of his factual findings. Thereafter, the Support Magistrate issued an amended findings of fact dated April 11, 2013 and the court resumed its review of the mother’s original objections.