■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY A. MARTIN, Appellant. [3 NYS3d 187]—

Devine, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 10, 2011, which convicted defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

After the jury was sworn at the start of trial, defendant entered a guilty plea to criminal sale of a controlled substance in the third degree and waived his right to appeal. The plea satisfied a four-count indictment charging defendant with the sale of cocaine on two occasions in 2010. He was sentenced, as agreed, to a prison term of 4½ years with two years of post-release supervision, and now appeals.

Defendant's argument that his guilty plea was not voluntary and that his allocution was not factually sufficient were not preserved for review in this Court by a postallocution motion to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Glynn*, 73 AD3d 1290, 1291 [2010]; *see also People v Tyrell*, 22 NY3d 359, 363-364 [2013]). Defendant made no statements during the plea allocution that cast doubt on the voluntariness of his plea or his guilt so as to implicate the exception to the preservation requirement (*see id.*). In fact, when asked by County Court at sentencing, defendant specifically declined an opportunity to withdraw his plea. In any event, the record establishes the knowing, voluntary and intelligent nature of his plea (*see People v Tyrell*, 22 NY3d at 365; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

Next, defendant argues that County Court's failure to read or consider his 17-page pro se submission put forth at sentencing requires that his plea be vacated. Given that defendant was represented by counsel and was not entitled to hybrid rep-

resentation, we do not find that the court abused its discretion by not entertaining his pro se submission before imposing sentence (*see People v Rodriguez*, 95 NY2d 497, 500-502 [2000]; *People v Alsaifullah*, 96 AD3d 1103, 1103 [2012], *lv denied* 19 NY3d 994 [2012]),* particularly where he did not request an adjournment of sentencing or the removal of counsel. We find that the court properly proceeded to sentence defendant, having ascertained that he did not wish to withdraw his guilty plea. Defendant's contention that the bargained-for sentence should be reduced in the interest of justice is foreclosed by his valid and unchallenged waiver of appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *compare People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Bradshaw*, 18 NY3d 257, 264 [2011]). Defendant's remaining claims similarly lack merit.

McCarthy, J.P., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's submission, which raises numerous issues and contains documentary attachments, is designated as made "IN SUPPORT OF 28 USC § 2254 (a)," a habeas corpus provision. County Court subsequently issued a letter decision dated April 21, 2011 denying the requested relief, which the court noted was "not clear." No appeal was taken therefrom, and that matter is not before this Court.