*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    106557
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

PATRICK R. VIELE,
                        Appellant.
_____

Calendar Date:   June 1, 2015

Before:  Lahtinen, J.P., Lynch, Devine and Clark, JJ.

_____

        Linda A. Berkowitz, Saratoga Springs, for appellant.

        G. Scott Walling, Special Prosecutor, Schenectady, for
respondent.

_____

Lahtinen, J.P.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered January 10, 2014, convicting
defendant upon his plea of guilty of the crime of attempted
criminal sale of a controlled substance in the fifth degree.

        Defendant pleaded guilty to attempted criminal sale of a
controlled substance in the fifth degree and waived his right to
appeal.  County Court thereafter sentenced him to time served and
five years of probation.  Defendant now appeals.

        We affirm.  To the extent that defendant challenges the
validity of his appeal waiver, the plea colloquy and the
counseled written waiver demonstrate that he knowingly,
intelligently and voluntarily waived his right to appeal (see

People v Long, 117 AD3d 1326, 1326 [2014], lv denied 24 NY3d 1003 [2014]; People v Frasier, 105 AD3d 1079, 1080 [2013], lv denied 22 NY3d 1088 [2014]).  Defendant's valid appeal waiver forecloses his claim of ineffective assistance of counsel, except insofar as the alleged ineffective assistance impacted upon the voluntariness of his plea (see People v Brooks, 118 AD3d 1123, 1124 [2014], lv denied 24 NY3d 959 [2014]; People v Livziey, 117 AD3d 1341, 1342 [2014]).  Such claims regarding the voluntariness of his plea are unpreserved for our review, however, as the record does not reflect that he made an appropriate postallocution motion (see People v Terry, 122 AD3d 955, 956 [2014]; People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]).  Further, to the extent that defendant alleges that his plea was not voluntary due to counsel's failure to move to dismiss the indictment on statutory speedy trial grounds, the record on appeal is inadequate to assess the merits of the claim, given the lack of any motion before County Court on the issue, and, therefore, it could only be raised in a CPL article 440 motion (see People v Slingerland, 101 AD3d 1265, 1267 [2012], lv denied 20 NY3d 1104 [2013]; People v Obert, 1 AD3d 631, 632 [2003], lv denied 2 NY3d 764 [2004]).

Lynch, Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court