### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 30, 2016                    107232
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

GERMAN A. LOBATON,
                        Appellant.
_____

Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

        Michael C. Ross, Bloomingburg, for appellant, and appellant pro se.

        D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 3, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

        Defendant pleaded guilty to burglary in the second degree in full satisfaction of a 12-count indictment and waived the right to appeal his conviction and sentence.  County Court thereafter imposed the agreed-upon sentence of 13 years in prison to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's contention that his plea was not knowing, intelligent and voluntary because County Court coerced him into pleading guilty is unpreserved for our review as the record does not indicate that he made an appropriate postallocution motion (see People v Conley, 135 AD3d 1238, 1238-1239 [2016]; People v Colon, 106 AD3d 1367, 1368 [2013]). Moreover, the narrow exception to the preservation rule is not applicable here, as defendant made no statements during the plea allocution that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Walker, 135 AD3d 1244, 1245 [2016]; People v DeCenzo, 132 AD3d 1160, 1161 [2015], lv denied 27 NY3d 996 [2016]). In any event, the fact that County Court informed defendant of his maximum sentence exposure does not constitute coercive conduct (see People v Ross, 117 AD3d 1342, 1343 [2014]; People v Seuffert, 104 AD3d 1021, 1022 [2013], lv denied 21 NY3d 1009 [2013]), and defendant affirmed during the allocution that he had not been coerced or pressured into accepting a plea and was entering his plea voluntarily.

Given his valid and uncontested waiver of his right to appeal, we are precluded from reviewing defendant's claim that his sentence is harsh and excessive (see People v Conley, 135 AD3d at 1238; People v Griffin, 117 AD3d 1339, 1339 [2014]). Defendant's ineffective assistance of counsel claim, raised in his pro se submission, is barred by his guilty plea and valid waiver of appeal (see People v Islam, 134 AD3d 1348, 1349 [2015]; People v Viele, 130 AD3d 1097, 1097 [2015]). To the extent that his ineffective assistance of counsel claim impacts the voluntariness of his plea, thereby surviving his appeal waiver, such claim is unpreserved in the absence of an appropriate postallocution motion (see People v Bethea, 133 AD3d 1033, 1034 [2015], lv denied 27 NY3d 992 [2016]; People v Guyette, 121 AD3d 1430, 1431-1432 [2014], lv denied 27 NY3d 998 [2016]). Defendant's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be lacking in merit.

Lahtinen, J.P., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court