OPINION OF THE COURT
Phillip R. Rumsey, J.
Respondent has been represented in all phases of this Mental Hygiene article 10 proceeding by Mental Hygiene Legal Service (MHLS) (see Mental Hygiene Law § 10.06 [c]), at all times since its transfer to Cortland County, specifically by attorney Charles Metcalfe. In November 2015, respondent requested that MHLS, and Charles Metcalfe in particular, be discharged and new counsel be appointed. Respondent was permitted to appear before the court in person to present his objections to continuing representation by MHLS. Respondent’s motion for substitution of counsel was denied by decision and order dated December 15, 2015, on the basis that MHLS and Metcalfe are able to provide meaningful and effective continuing representation to respondent.[1]
The court later received communication from Metcalfe requesting an adjournment of the dispositional hearing to enable him to file a motion on respondent’s behalf. Metcalfe further advised the court that he met with respondent to explore the issues that respondent desired be raised by motion. Ultimately, Metcalfe filed a motion on respondent’s behalf to preclude expert testimony in the dispositional hearing regarding any diagnosis of other specified paraphilic disorder—non-consent (OPSD [non-consent]), or other rape-based paraphilias by any name or, in the alternative, requesting that the court conduct a Frye hearing. By decision and order dated September 27, 2016, the court granted respondent’s motion to the extent of precluding petitioner from offering any expert testimony in the dispositional hearing regarding any diagnosis of OPSD (non-consent), or other rape-based paraphilias.
Thereafter, by letter dated October 2, 2016, respondent advised the court that he had requested that MHLS move for *1018 relief in addition to that requested in the motion that had been submitted, including preclusion of evidence on non-consent with sadistic characteristics or reliance upon the severe sexual sadism scale, PCL-R-20 or SVR-20. He notified the court of his intent to file a pro se motion to raise the additional issues. By-letter dated November 7, 2016, Metcalfe advised the court that MHLS will not be filing any additional motions. Based on the fact that MHLS did not, and does not intend to, make a motion on the basis of the additional issues identified by respondent, the court has concluded that MHLS found them to lack legal merit.
A criminal defendant has no right to hybrid representation; a defendant represented by counsel cannot, of right, make motions (see People v Rodriguez, 95 NY2d 497 [2000]).[2] Rather, “ [b]y accepting counseled representation, a defendant assigns control of much of the case to the lawyer, who, by reason of training and experience, is entrusted with sifting out weak arguments, charting strategy and making day-to-day decisions over the course of the proceedings” (id. at 501-502 [citations omitted]). The decision of whether to allow a defendant to file a pro se motion implicates the court’s discretion to ensure orderly administration of the proceedings (id.).
A court has no duty to entertain motions that a defendant, or respondent, seeks to submit on a pro se basis where, as here, counsel was aware of the motions and chose not to adopt them (id. at 502). Moreover, the court finds, in the exercise of its discretion to ensure the orderly administration of this proceeding, that allowing respondent to file pro se motions that his experienced and capable counsel determined lacked sufficient legal merit to present to the court would unduly further delay conclusion of this proceeding (id.; see also People v Martin, 125 AD3d 1054 [2015]). In that regard, it bears noting that the jury trial was completed in July 2015 and the dispositional hearing originally scheduled to be conducted on November 25, 2015 was adjourned, in response to a letter dated November 10, 2015, to permit consideration of respondent’s motion for substitution of counsel. The dispositional hearing rescheduled to commence on March 22, 2016 was adjourned at the last minute when respondent refused to be transported to court and his counsel requested an adjournment on his behalf. In letters dated in October 2016, respondent requested that his *1019 dispositional hearing not be rescheduled before he files an additional motion.
Based on the foregoing, respondent is precluded from filing pro se motions and the dispositional hearing will proceed as scheduled on January 11, 2017. Respondent’s counsel is directed to advise respondent that all further communications with, or submissions to, the court must be made through counsel.

. The decision and order, which reviewed respondent’s objection to MHLS’s past representation and which concluded that Metcalfe had provided effective representation to date, and the papers that respondent submitted in support of his motion were sealed, and were not provided to petitioner’s counsel.

. The same principle logically applies to respondent in this civil confinement proceeding, with his liberty interest at stake.