*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 19, 2017                108379
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Appellant,

            v                                   MEMORANDUM AND ORDER

JOHNNIE SIMPSON, Also Known as
    GAZOO,
                        Respondent.
_____

Calendar Date:   December 13, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Law Office of Raymond D. Sprowls, Walden (Raymond D. Sprowls of counsel), for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 14, 2015, convicting defendant upon his guilty plea of the crime of criminal possession of a controlled substance in the third degree.

        In March 2014, defendant sold cocaine to a confidential informant (hereinafter CI) in two separate controlled buys. Under the supervision of police, the CI arranged a third controlled buy, which culminated in defendant being arrested and found to be in possession of cocaine prior to completion of the sale.  Defendant was thereafter charged with criminal possession of a controlled substance in the third degree and criminal

possession of a controlled substance in the fourth degree. Defendant pleaded guilty to criminal possession of a controlled substance in the third degree in full satisfaction of the indictment and waived his right to appeal. Defendant was sentenced to the agreed-upon prison term of six years, with two years of postrelease supervision, and he now appeals.

We affirm. Our review of the record confirms that dependant's waiver of appeal was knowing, voluntary and intelligent (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Dickson-Eason, 143 AD3d 1013, 1013 [2016], lv denied ___ NY3d ___ [Dec. 20, 2016]). County Court thoroughly explained the meaning and consequences of the appeal waiver and its separate and distinct nature, and defendant orally confirmed that he understood the implications of waiving his right to appeal and signed a written waiver of appeal in open court after conferring with counsel. The valid appeal waiver forecloses defendant's claim of ineffective assistance of counsel, except to the extent that such claim impacts the voluntariness of his plea; however, this claim is unpreserved as the record does not reflect that defendant moved to withdraw his plea on this ground (see CPL 220.60 [3]; People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]). Defendant's statutory speedy trial arguments were also waived by his guilty plea (see People v Friscia, 51 NY2d 845, 847 [1980]; People v Slingerland, 101 AD3d 1265, 1267 [2012], lv denied 20 NY3d 1104 [2013]). Defendant's related claim that trial counsel was ineffective for failing to move to dismiss the indictment on statutory speedy trial grounds was not preserved in the absence of an appropriate postallocution motion raising this argument; consequently, given that the record is inadequate to review the merits of this claim, it can only be raised in a CPL article 440 motion (see People v Viele, 130 AD3d 1097, 1097 [2015]).

Next, defendant contends that his trial counsel had an actual conflict of interest that was not adequately explained to or waived by him, therefore depriving him of the effective assistance of conflict-free counsel. After the first day of the combined pretrial suppression hearings, defense counsel advised County Court on the record, in defendant's presence, that the CI

had been arrested the night before the start of the hearing[1] and had retained defense counsel's partner to represent him on those charges.  Upon learning this information, defense counsel reported that he had advised his partner that the CI was involved in the events that led to defendant's charges and directed the partner not to speak with the CI about the charges against either the CI or defendant.  The partner represented the CI solely at the arraignment and bail hearing the next morning and immediately withdrew from the representation.  Upon further inquiry by the court that day and again roughly two months later, defense counsel assured the court that he had never spoken to the CI and had acquired no privileged information about him.  Defense counsel further assured the court that his partner had no conversations with the police or the CI about the background of the charges against the CI and had not acquired any such information.  The court and defense counsel then advised defendant that, if counsel continued to represent him, counsel would not be able to use any privileged information, if he had acquired any, to cross-examine the CI at defendant's trial if he testified, and that the CI could claim this privilege.  The court informed defendant that he was entitled to an attorney of his choosing and could retain a new attorney and, when defendant indicated that he was confused, the court granted an adjournment to provide him with an opportunity to choose his course after conferring with defense counsel or outside counsel.  A week later, defendant indicated that he wanted defense counsel to continue to represent him[2] and thereafter accepted the plea offer

---

[1]  The People later clarified that the CI's May 19, 2014 arrest stemmed from charges that the CI had sold drugs in January 2014, which led to his informal agreement with police to thereafter cooperate.  After the CI lost touch with police following defendant's arrest and did not cooperate or testify before the grand jury that handed up the indictment against defendant, the People determined to prosecute defendant without the CI and to arrest the CI for that earlier criminal conduct.

[2]  While defendant indicated that he was unable to find an attorney to represent him "too soon," he nonetheless agreed to continue with counsel's representation and made no requests for

that had been kept open for over two months.

An accused "may waive an attorney's conflict, but only after an inquiry has shown that the defendant has an awareness of the potential risks involved in that course and has knowingly chosen it" (People v Solomon, 20 NY3d 91, 95 [2012] [internal quotation marks and citation omitted]; see People v Wright, 27 NY3d 516, 520-521 [2016]). We agree that defense counsel's representation of defendant while his partner simultaneously, albeit very briefly, represented the CI, a potential key prosecution witness, created a conflict of interest (see People v Solomon, 20 NY3d at 94-95). Defendant argues that this gave rise to an actual, rather than merely a potential, conflict of interest in that the CI's interests diverged from his and the partner actively represented the CI.[3] Even assuming that there was an actual conflict of interest (see id. at 96), we find that defendant was fully and sufficiently apprised of the nature of the conflict and how it could potentially impact his trial if the CI were called to testify as a prosecution witness. Defendant was made aware of the potential risks and knowingly and voluntarily chose defense counsel's continued representation (see id. at 95; People v Gomberg, 38 NY2d 307, 313-314 [1975]; compare People v Prescott, 21 NY3d 925, 927-928 [2013]). Inasmuch as defendant waived this conflict after an adequate inquiry by the court and after having given his informed consent, he was not deprived of meaningful representation (see People v Wright, 27 NY3d at 520-521; People v Solomon, 20 NY3d at 97).

Relatedly, defendant's claims that he was coerced into

additional time or another adjournment to retain substitute counsel.

[3] While County Court referred several times to this as a "potential" conflict of interest when advising defendant, the court did so because the CI had not testified at pretrial proceedings and it was not clear that the CI would be testifying at trial. We find that this characterization did not undermine the court's advisement of the potential risks of the conflict (see People v Solomon, 20 NY3d at 95).

pleading guilty or denied an opportunity to retain new counsel are unpreserved, as he made no postallocution motion on this ground (see People v Lobaton, 140 AD3d at 1535). In any event, this claim is belied by the record, which reflects that the nature and risks presented by the conflict of interest were discussed on the record at several appearances and that defendant had numerous opportunities to confer with counsel and to retain new counsel, including a one-week adjournment to retain new counsel if he so chose. Thus, were we to address the issue, we would find that defendant, having been advised that he had the right to an attorney of his choice, elected to proceed with counsel's representation and that his subsequent plea was "a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation marks and citation omitted]; see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). We have reviewed defendant's remaining contentions and conclude that they lack merit.

McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court