## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 19, 2017                107730
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

TIMOTHY A. MILLS,
                        Appellant.
_____

Calendar Date:  December 13, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Marquetta Christy
of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered May 11, 2015, convicting
defendant upon his plea of guilty of the crime of rape in the
first degree.

        In March 2015, defendant waived indictment and agreed to be
prosecuted pursuant to a superior court information charging him
with one count of rape in the second degree.  The charge stemmed
from an incident that occurred in May 2014, at which time
defendant engaged in sexual intercourse with a 14-year-old female
relative.  Pursuant to a negotiated plea agreement, defendant
executed a written waiver of the right to appeal and agreed to
plead guilty to rape in the second degree in exchange for a

sentence of six months in the local jail and 10 years of probation.  During the course of the plea colloquy, defendant was advised to cooperate with the Probation Department and was warned that if he "fail[ed] to abide by the jail rules" while he was awaiting sentencing, County Court would not be bound by its sentencing commitment.

During his presentencing interview with the Probation Department, defendant "adamantly denied any sexual contact with the victim" – claiming that he suffered from erectile dysfunction and characterizing the victim as "vindictive."  Upon reviewing defendant's statements to the Probation Department, which directly contradicted his sworn plea allocution, County Court indicated that it no longer could honor its prior sentencing commitment.  Following a bench conference, defendant was advised that he could reallocute to the charged crime under oath, in which case County Court would sentence him to four years in prison followed by eight years of postrelease supervision, or he could move to withdraw his plea, which County Court indicated it was "prepared to let him do."  In conjunction therewith, County Court alerted defendant to the "possibility" that, if he elected to withdraw his plea, the People could re-present the charges and advised defendant as to both the potential charges that the People could seek and his sentencing exposure relative thereto.  After being afforded an opportunity to discuss his options with counsel, defendant again pleaded guilty (without reference to his previously executed waiver of the right to appeal) to rape in the second degree and was sentenced to four years in prison followed by eight years of postrelease supervision.  Defendant now appeals, contending that County Court's comments regarding the possibility of additional charges and defendant's potential sentencing exposure constituted coercion.

Absent an appropriate postallocution motion, defendant's challenge to the voluntariness of his plea is unpreserved for our review (see People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]; People v White, 139 AD3d 1260, 1260 [2016]).  Further, given that defendant was expressly afforded an opportunity to withdraw his plea, we are not persuaded that this is one of those rare cases where a "defendant had no practical ability to assert that the plea was invalid prior to the

imposition of sentence" (People v Williams, 27 NY3d 212, 220 [2016]). Hence, we discern no exception to the preservation requirement. That said, even assuming that defendant's challenge to the voluntariness of his plea was properly before us, we would find it to be lacking in merit. Simply put, neither the possibility that the People might pursue additional charges against defendant, County Court's ensuing explanation as to the potential nature of those charges and defendant's possible sentencing exposure relative thereto nor the short period of time within which defendant was required to accept or reject the plea offer "constituted coercion to induce defendant's guilty plea" (People v Goodell, 104 AD3d 1026, 1026 [2013], lv denied 22 NY3d 1138 [2014]; see People v Lobaton, 140 AD3d at 1535; People v O'Neill, 116 AD3d 1240, 1241 [2014]; People v Wolf, 88 AD3d 1266, 1267 [2011], lvs denied 18 NY3d 863 [2011]). At best, the pressure to which defendant now claims he was subjected "amounts to the type of situational coercion faced by many defendants [who are] offered a plea deal," which, in turn, would be insufficient to undermine the voluntariness of defendant's plea (People v Taylor, 135 AD3d 1237, 1237 [2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 1075 [2016]). Accordingly, County Court's judgment is affirmed.

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court