People v Gardiner (2018 NY Slip Op 01966)





People v Gardiner


2018 NY Slip Op 01966


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

108482

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LUCAS GARDINER, Appellant.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Adam H. Van Buskirk, Chateaugay, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered October 30, 2015, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.
In November 2014, defendant was arrested and charged by felony complaints with burglary in the first degree and criminal possession of a weapon in the third degree. In June 2015, he was charged by indictment with those same crimes and four additional crimes, and the People thereafter declared their readiness for trial. Defendant ultimately pleaded guilty to one count of attempted burglary in the first degree and waived his right to appeal. Pursuant to the plea agreement, defendant was sentenced,
as a second violent felony offender, to seven years in prison, followed by five years of postrelease supervision. Defendant now appeals.
Defendant contends that the approximately 7½-month delay between the time the felony complaints were filed and the People declared their readiness for trial violated his statutory and constitutional rights to a speedy trial. As to his statutory speedy trial claim, this claim was forfeited by defendant's guilty plea and is also foreclosed by his unchallenged appeal waiver (see People v Toledo, 144 AD3d 1332, 1334 n 2 [2016], lv denied 29 NY3d 1001 [2017]; People v Wright, 119 AD3d 972, 973 n 1 [2014]; People v Devino, 110 AD3d 1146, 1147 [2013]). Moreover, it is unpreserved for our review given defendant's failure to raise it before County Court (see People v Cooper, 134 AD3d 1583, 1585-1586 [2015]; People v Devino, 110 AD3d at [*2]1147). Although defendant's constitutional speedy trial claim survives his guilty plea and appeal waiver (see People v Lanfranco, 124 AD3d 1144, 1145 [2015], lv denied 25 NY3d 1203 [2015]; People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]; People v McCorkle, 67 AD3d 1249, 1250 [2009]), it is equally unpreserved for our review (see People v Fay, 154 AD3d 1178, 1180 [2017], lv denied ___ NY3d ___ [Feb. 15, 2018]; People v Grumberg, 153 AD3d 1525, 1527 [2017]; People v Gerald, 153 AD3d 1029, 1030 [2017]). In any event, in light of the absence of a motion before County Court, we find that "the record has not been sufficiently developed to permit adequate review of this issue" (People v Grumberg, 153 AD3d at 1527).
Defendant also maintains that his counsel's failure to raise the speedy trial issues before County Court constitutes ineffective assistance of counsel. To the extent that this claim impacts the voluntariness of defendant's guilty plea, it survives his appeal waiver (see People v Viele, 130 AD3d 1097, 1097 [2015]), but it is unpreserved for our review inasmuch as the record does not reflect that defendant made an appropriate postallocution motion (see People v Simpson, 146 AD3d 1175, 1176 [2017], lvs denied 30 NY3d 980, 983 [2017]; People v Archie, 116 AD3d 1165, 1165 [2014]; People v Slingerland, 101 AD3d 1265, 1267 [2012], lv denied 20 NY3d 1104 [2013]). In any event, given that the record is insufficient to assess whether defendant's speedy trial rights were violated, it is also insufficient to determine whether the failure of defense counsel to make a motion to dismiss on speedy trial grounds constitutes ineffective assistance of counsel. Accordingly, defendant's ineffective assistance of counsel claim is more properly the subject of a CPL article 440 motion (see People v Simpson, 146 AD3d at 1176; People v Viele, 130 AD3d at 1097; People v Slingerland, 101 AD3d at 1267; People v Hull, 52 AD3d 962, 963 [2008]).
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.