People v Ward (2018 NY Slip Op 03878)





People v Ward


2018 NY Slip Op 03878


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

108617

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRANDON M. WARD, Appellant.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 22, 2015, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant was charged in two felony complaints and a criminal information with the crimes of criminal sexual act in the first degree, sexual abuse in the first degree (three counts) and endangering the welfare of a child (three counts). He waived indictment on these charges and agreed to be prosecuted by a superior court information charging him with one count of sexual abuse in the first degree. Defendant pleaded guilty to this crime in satisfaction of the above charges, as well as pending charges for burglary and grand larceny, and waived his right to
appeal. County Court thereafter imposed the agreed-upon sentence of seven years in prison, to be followed by 10 years of postrelease supervision. Defendant now appeals.
Initially, to the extent that defendant challenges the validity of his waiver of the right to appeal, the plea colloquy and the counseled written waiver executed in open court demonstrate that the waiver was knowing, intelligent and voluntary (see People v Crispell, 136 AD3d 1121, 1122 [2016], lv denied 27 NY3d 1149 [2016]; People v Donah, 127 AD3d 1413, 1413 [2015]). The valid appeal waiver precludes defendant's contention that his sentence is harsh and excessive (see People v Bigwarfe, 155 AD3d 1450, 1450 [2017]; People v Wright, 154 AD3d 1015, 1016 [2017], lv denied 30 NY3d 1065 [2017]).
With regard to defendant's claim that counsel's failure to move to dismiss the superior court information on statutory speedy trial grounds deprived him of the effective assistance of counsel, thereby rendering his plea involuntary, the record is inadequate to assess the merits of such claim and, therefore, it is more appropriately raised in a CPL article 440 motion (see People v Simpson, 146 AD3d 1175, 1176 [2017], lvs denied 30 NY3d 980, 983 [2017]; People v Viele, 130 AD3d 1097, 1097 [2015]). His further claim that counsel's motion practice and discovery efforts — including counsel's failure to challenge the factual sufficiency of the felony complaint charging him with criminal sexual act in the first degree — constituted ineffective assistance of counsel was forfeited by his guilty plea (see People v Hansen, 95 NY2d 227, 230 [2000]; People v Jenkins, 130 AD3d 1091, 1092 [2015]; People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]).
Lynch, Devine, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.