People v Horton (2018 NY Slip Op 07787)





People v Horton


2018 NY Slip Op 07787


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108770

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT A. HORTON, Appellant.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Robert A. Horton, Auburn, appellant pro se.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered May 4, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.
Defendant, a prison inmate, was indicted and charged with one count of criminal possession of a forged instrument in the second degree. The charge stemmed from defendant's possession of a forged court order bearing the false signature of a judge and defendant's subsequent filing of that order with the St. Lawrence County Clerk's office. Pursuant to a plea agreement, defendant pleaded guilty to criminal possession of a forged instrument in the second degree with the understanding that, among other things, the People would not offer a sentencing recommendation or pursue persistent felony offender status. Consistent with the terms of the agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 2½ to 5 years, to run consecutively to defendant's current undischarged term of imprisonment. Defendant appeals.
We affirm. Initially, defendant's challenge to the voluntariness of his plea has not been preserved for our review. The record before us does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Guidry, 158 AD3d 901, 902 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]), and the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy or sentencing proceeding that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Tucker, 164 AD3d 948, 950 [2018]). Moreover, defendant's pro se submission prior to sentencing did not preserve his challenge to his guilty plea because he was represented by counsel and was not entitled to hybrid representation (see People v Rodriguez, 95 NY2d 497, 501 [*2][2000]). As such, County Court did not abuse its discretion in refusing to consider defendant's pro se motion to withdraw his plea prior to sentencing (see id. at 501-502; People v Fowler, 136 AD3d 1395, 1395 [2016], lv denied 27 NY3d 996 [2016]; People v Martin, 125 AD3d 1054, 1054-1055 [2015], lv denied 26 NY3d 932 [2015]; cf. People v Rayburn, 150 AD3d 1553, 1554-1555 & 1555 n [2017]), particularly where, as here, defendant "did not request an adjournment of sentencing or the removal of counsel" (People v Martin, 125 AD3d at 1055).
Even if defendant's statutory speedy trial claim was properly before us (see CPL 210.20 [1] [g]; [2]; People v Devino, 110 AD3d 1146, 1147 [2013]), this claim was waived when he entered his guilty plea (see People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Simpson, 146 AD3d 1175, 1176 [2017], lvs denied 30 NY3d 980, 983 [2017]; People v Toldedo, 144 AD3d 1332, 1334 n 2 [2016], lv denied 29 NY3d 1001 [2017]; People v Slingerland, 101 AD3d 1265, 1267 [2012], lv denied 20 NY3d 1104 [2013]). Defendant's related claims that his counsel was ineffective for failing to move to suppress certain evidence and to dismiss the indictment on speedy trial grounds was not preserved given the absence of an appropriate postallocution motion in the record before us (see People v Simpson, 146 AD3d at 1176; People v Toledo, 144 AD3d at 1333). Finally, to the extent that defendant's contentions regarding the alleged ineffectiveness of counsel concern matters that are outside the record on appeal, they are more appropriately addressed in a motion to vacate pursuant to CPL article 440 (see People v Toledo, 144 AD3d at 1333 n 1; People v Case, 139 AD3d 1239, 1240-1241 [2016], lv denied 28 NY3d 928 [2016]). Defendant's remaining claims have been considered and found to be without merit.
Egan Jr., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.