People v Marshall (2019 NY Slip Op 04499)





People v Marshall


2019 NY Slip Op 04499


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

109050

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL A. MARSHALL, Appellant.

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Kevin A. Jones, Ithaca, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered December 13, 2016, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and grand larceny in the third degree.
Defendant was charged by indictment with robbery in the first degree and grand larceny in the third degree. The charges arose from defendant entering a bank and forcibly stealing more than $3,000 while displaying what appeared to be a firearm. County Court thereafter agreed to cap defendant's prison term at seven years followed by five years of postrelease supervision if defendant pleaded guilty to both counts in the indictment. During the same court appearance, defense counsel notified the court of a conflict of interest and, after the court inquired if defendant would like to continue with current counsel or have new counsel assigned, defendant chose to stay with his current counsel. Defendant thereafter entered a guilty plea to both charges of the indictment and was sentenced to prison terms of six years followed by five years of postrelease supervision for his conviction of robbery in the first degree and to 1&frac13; years for his conviction of grand larceny in the third degree, said sentences to run concurrently. Defendant appeals.
Defendant contends that a five-year preindictment delay violated his constitutional right to a speedy trial. Although this claim survives his guilty plea, it is unpreserved for our review given defendant's failure to raise this issue before County Court (see People v Shufelt, 161 AD3d 1451, 1451-1452 [2018], lv denied 32 NY3d 1008 [2018]; People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]). Moreover, in light of the absence of a motion before County Court, "the record has not been sufficiently developed to permit adequate review of this issue" (People v Grumberg, 153 AD3d 1525, 1527 [2017]; see People v Gardiner, 159 AD3d at 1234). Defendant's related claim that his counsel was ineffective for failing to move to dismiss the indictment on speedy trial grounds is equally unpreserved for our review absent an appropriate postallocution motion (see People v Shufelt, 161 AD3d at 1452; People v Gardiner, [*2]159 AD3d at 1234). In any event, inasmuch as the record is insufficient to assess whether defendant's speedy trial rights were violated, it is also insufficient to determine whether defense counsel's failure to make a motion to dismiss on speedy trial grounds amounts to ineffective assistance of counsel (see People v Gardiner, 159 AD3d at 1234). Accordingly, this claim is more properly the subject of a CPL article 440 motion (see People v Horton, 166 AD3d 1226, 1228 [2018]; People v Ward, 161 AD3d 1488, 1489 [2018], lv denied 32 NY3d 942 [2018]).
Although defendant's claim that he was deprived of the effective assistance of counsel because he was denied conflict-free representation is similarly unpreserved given the absence of an appropriate postallocution motion, we find that reversal of the judgment of conviction in the interest of justice is warranted (see CPL 470.15 [c] [3]; People v McGee, 166 AD3d 1390, 1391 [2018]). "A defendant is denied the right to effective assistance of counsel guaranteed by the Sixth Amendment [of the US Constitution] when, absent inquiry by the court and the informed consent of [the] defendant, defense counsel represents interests which are actually in conflict with those of [the] defendant" (People v Solomon, 20 NY3d 91, 97 [2012] [internal quotation marks and citation omitted]; see People v Sanchez, 21 NY3d 216, 222-223 [2013]). An actual conflict of interest may be waived by the defendant "only after an inquiry has shown that the defendant has an awareness of the potential risks involved in that course and has knowingly chosen it" (People v Simpson, 146 AD3d 1175, 1176 [2017] [internal quotation marks and citations omitted], lvs denied 30 NY3d 980, 983 [2017]; see People v Prescott, 21 NY3d 925, 927 [2013]). The court's failure to conduct an inquiry warrants reversal "only if [the] defendant has demonstrated that a conflict of interest, or at least the significant possibility thereof, did exist" (People v McDonald, 68 NY2d 1, 9 [1986] [internal quotation marks and citations omitted]; see People v Payton, 22 NY3d 1011, 1014 [2013]).
Here, while informing County Court about the terms of a plea offer, defense counsel also informed County Court that the Assistant District Attorney had advised him that a number of defense counsel's former and current clients may be witnesses against defendant and that, if the case were to go any farther, he would have a conflict. The court then reiterated the plea offer and informed defendant that, if the matter were to go forward to trial, defense counsel would probably have a conflict and would not be able to continue representing him because defense counsel's office has represented witnesses who would testify against him. The court continued to say, "Under those circumstances we would have to assign you a different attorney. Now at this point in time [defense counsel] has received an offer. He's discussed the case with . . . the prosecutor and there is an offer on the table. If you would like additional time to think about that[,] absolutely I will give you that time. . . . My question to you is, one, do you want more time to think about it? And, two, because of that potential conflict[,] would you rather discuss the matter further with [defense counsel] or with a different attorney?" Defendant stated that he would rather stay with defense counsel. Defense counsel asked the court to allow defendant more time to think about it. Subsequently, defendant appeared with defense counsel and pleaded guilty to the indictment without any further discussion of the conflict of interest.
A review of the record reveals that there was at least a significant possibility of an actual conflict of interest (see People v Wright, 27 NY3d 516, 521 [2016])[FN1]. Once informed of the conflict, County Court had a duty to inquire whether defendant understood the risks of defense counsel's continued representation and, knowing those risks, was choosing to waive the conflict (see People v Cortez, 22 NY3d 1061, 1066 [2014], cert denied ___ US ___, 135 S Ct 146 [2014]; People v Gomberg, 38 NY2d 307, 313-314 [1975]; People v Simpson, 146 AD3d at 1177). However, the court did not make such an inquiry. Rather, the court merely informed defendant, while simultaneously reiterating the plea agreement that defense counsel had secured for him, that defense counsel would "probably" have a conflict if the matter continued. Therefore, defense counsel's conflicted representation of defendant, absent a proper and informed [*3]waiver, deprived defendant of his right to the effective assistance of counsel (see People v Prescott, 21 NY3d at 927; People v Macerola, 47 NY2d 257, 263-264 [1979]). In light of this determination, defendant's contention that his sentence was harsh and excessive has been rendered academic.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Notably, in their brief, the People concede that an actual conflict existed because defendant confessed to a prosecution witness who was concurrently represented by defense counsel's law office. However, this detail is not contained in the record.