People v Fredericks (2023 NY Slip Op 03414)

People v Fredericks

2023 NY Slip Op 03414

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Ind No. 1900/17 Appeal No. 541-542 Case No. 2019-04134 2020-02349 

[*1]The People of the State of New York, Respondent,
v
Divine Fredericks, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Divine Fredericks, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J. at request for new counsel; Margaret L. Clancy, J. at jury trial and sentencing), rendered July 22, 2019, as amended July 29, 2019, convicting defendant of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 45 years to life, and order, same court and Justice, entered on or about February 18, 2020, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. In addition to the testimony of the surviving victim, who was with defendant and the deceased victim for most of the night of the crime, there was other evidence, including videotapes that provided compelling circumstantial evidence of defendant's guilt.
The court providently exercised its discretion in denying defendant's request for new counsel. Defendant "failed to proffer specific allegations of a seemingly serious request that would require the court to engage in a minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]). Defendant expressed only a generalized and conclusory complaint about counsel's representation, and this complaint did not require an inquiry under all the circumstances. In addition, counsel did not argue that defendant's motion lacked merit, but "merely [outlined] his efforts on his client's behalf" (People v Washington, 25 NY3d 1091, 1095 [2015]).
We find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion, without granting a hearing (see People v Delorbe, 35 NY3d 112, 121 [2020]). The particular claims of ineffective assistance of counsel contained in the motion were unsubstantiated, refuted by the trial record, or insufficient to demonstrate counsel's ineffectiveness. Defendant did not obtain an affidavit from trial counsel or indicate that he had unsuccessfully attempted to do so (see People v Wright, 27 NY3d 516, 522 [2016]), and he did not raise any factual dispute warranting a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]).
We [*2]perceive no basis for reducing the sentence or remanding for resentencing.
We have considered the arguments raised in defendant's pro se supplemental brief and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023